IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:12-cv-60460- WJZ

**A.R.**, by and through her next friend, Susan Root; **C.V.**, by and through his next friends, Michael and Johnette Wahlquist; **M.D.**, by and through her next friend, Pamela DeCambra; **C.M.**, by and through his next friend, Norine Mitchell; **B.M.**, by and through his next friend, Kayla Moore; **T.F.**, by and through his next friend, Michael and Liz Fauerbach; each individually, and on behalf of all other children similarly situated in the State of Florida,

    Plaintiffs,

v.

**ELIZABETH DUDEK**, in her official capacity as Secretary of the Agency for Health Care Administration; **HARRY FRANK FARMER, JR.**, in his official capacity as the state Surgeon General of the Florida Department of Health; **KRISTINA WIGGINS**, in her official capacity as Deputy Secretary of the Florida Department of Health and Director of Children's Medical Services, and **eQHEALTH SOLUTIONS, INC.**, a Louisiana non-profit corporation,

    Defendants.
_____/

## UNOPPOSED MOTION TO CONSOLIDATE AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 42, Federal Rules of Civil Procedure, Plaintiffs, A.R., by and through her next friend, Susan Root; C.V., by and through his next friends, Michael and Johnette Wahlquist; M.D., by and through her next friend, Pamela DeCambra; C.M., by and through his

next friend, Norine Mitchell; B.M., by and through his next friend, Kayla Moore; T.F., by and through his next friends, Michael and Liz Fauerbach, by undersigned counsel, submit this Memorandum in Support of their Motion to Consolidate the related case of T.H., et al v. Dudek, et al, Case 0:12-cv-60461-WPD, with the instant litigation. In support of the Motion, Plaintiffs state the following:

## I. INTRODUCTION

This case, A.R., et al v. Dudek, et al, Case Number 0:12-cv-60460-WJZ (hereinafter "at-risk complaint"), was filed with this Court on March 13, 2012. Immediately following the filing of the at-risk complaint, T.H., et al v. Dudek, et al, Case 0:12-cv-60461-WPD, (hereinafter "institutionalized complaint"), was filed with this Court. Both cases assert claims against common defendants for violations under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973 (Section 504) based on violations of Plaintiffs rights under federal law to receive medically necessary Medicaid services in a community based setting and not to be confined in a nursing home. In addition, both cases assert claims under the Medicaid act—the at-risk complaint asserts violations of the Early Periodic Screening, Diagnosis and Treatment provisions and reasonable promptness requirement of the United States Medicaid Act (Medicaid Act); the institutionalized complaint asserts violations of the Nursing Home Reform Amendments to the Medicaid Act. The distinction between the plaintiffs in the two cases is that the Plaintiffs and Plaintiff Class members in the institutionalized complaint reside in nursing homes, while the Plaintiffs and Plaintiff Class members in the at-risk complaint reside in the community but are at risk of being institutionalized in nursing homes due to the reduction of medically necessary services.

### A. "Institutionalized Complaint"

The institutionalized complaint is a class action for declaratory and injunctive relief against Elizabeth Dudek, in her official capacity as Secretary for the Agency for Health Care Administration (Dudek), Harry Frank Farmer, in his official capacity as the State Surgeon General and Secretary of the Florida Department of Health (Farmer), and Kristina Wiggins, in her official capacity as Deputy Secretary of the Florida Department of Health and Director of Children's Medical Services (Wiggins).

The Plaintiffs and Plaintiffs class members are medically fragile and medically complex children who have been placed in nursing facilities but want to return home and to their communities. However, the Defendants are denying these children the Medicaid services they are eligible to receive and that are necessary to allow the children to live at home and in their communities.

Plaintiffs and Plaintiff Class members allege that the Defendants have unnecessarily institutionalized and segregated Plaintiffs and Plaintiff class members in nursing facilities in violation of the ADA and Section 504. Further, they allege that the Defendants have failed to provide the appropriate screenings, reviews, and specialized services to Plaintiffs and Plaintiff Class members in nursing facilities in violation of the Nursing Home Reform Amendments to the Medicaid Act.

Accordingly, Plaintiffs and Plaintiff Class members in the institutionalized complaint seek declarations that the Defendants' failure to provide integrated community services, and unnecessary institutionalization and illegal segregation of Plaintiffs, violate the ADA, Section 504, and the Nursing Home Reform Amendments to the Medicaid Act. Plaintiffs and Plaintiff Class members are also seeking a permanent injunction requiring the Defendants to stop illegally

segregating medically fragile children and to provide them with the medically necessary Medicaid services in the most integrated setting appropriate in the community.

### B. "At-Risk Complaint"

The at-risk complaint is a class action for declaratory and injunctive relief which is also filed against Dudek, Farmer, and Wiggins, as well as eQHealth Solutions, Inc.

The Plaintiffs and Plaintiffs class members are medically fragile children who live at home and receive Medicaid-funded private duty nursing services, administered by the Defendants, in order to avoid unnecessary institutionalization. The Defendants have adopted uniform policies, practices, and regulations to reduce private duty nursing services to Plaintiffs and Plaintiff Class members.

Plaintiffs and Plaintiff Class members allege that by failing to provide medically necessary services, the Defendants have placed Plaintiffs and Plaintiff Class members at-risk of unnecessary institutionalization in nursing facilities in violation of the ADA and Section 504. Further, Plaintiffs and Plaintiff Class members allege that the Defendants' rules, policies, procedures, customs and practices for providing private duty nursing, below the level that is medically necessary, violate the EPSDT provision and reasonable promptness requirement of the Medicaid Act.

Accordingly, Plaintiffs and Plaintiff Class members in the at-risk complaint seek declarations that Defendants' policies, regulations, actions, and omissions are placing Plaintiffs at risk of being placed in segregated facilities in violation of the ADA, Section 504, and the EPSDT provisions and reasonable promptness requirement of the Medicaid Act. Plaintiffs and Plaintiff Class Members are also seeking a permanent injunction requiring the Defendants to

provide them with the medically necessary Medicaid services in the most integrated setting appropriate.

## II. STANDARD FOR CONSOLIDATION

Motions to consolidate civil actions pending before a federal district court are governed by Fed. R. Civ. P. 42(a), which states that "[w]hen actions involving a common question of law or fact are pending before the court," the court "may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The Court has inherent authority to manage its docket for economy and efficiency. Rule 42(a) provides a means for the Court to avoid repetition in related cases by consolidating them, where doing so will not create prejudice or confusion. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (internal citations omitted).

When two or more cases involve the same parties and issues and are simultaneously pending in the same court, it is proper to consolidate them under Rule 42(a). *See Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765 (11th Cir. 1995). Courts are encouraged to "make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Dupont v. Southern Pacific Co.,* 366 F.2d 193, 195 (5th Cir.1966), *cert. denied,* 386 U.S. 958 (1967). Consolidation helps "avoid needless duplication of time, effort and expense on the part of the parties and the Court in discovery and at trial." *Millman v. Brinkley*, No. 1:03-cv-3831, 2004 WL 2284505, at *2 (N.D. Ga. Oct. 1, 2004). Consolidation also "promotes judicial economy by streamlining and simplifying pre-trial discovery...and by reducing waste, confusion, and delay that would result from multiple trials". *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002).

Consolidation under Rule 42(a) is discretionary. *Young v. City of Augusta, Ga. Through DeVaney,* 59 F.3d 1160, 1168 (11th Cir. 1995). In utilizing its discretion, the court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir.1982), *cert. denied,* 460 U.S. 1102, (1983)).

The institutionalized and at-risk complaints are appropriate for consolidation, as will be shown below.

### III. ARGUMENT

The institutionalized complaint and at-risk complaint share common parties, common legal claims and facts, and seek the same relief. Consolidation of the cases will save judicial resources and be convenient for the parties and witnesses. Further, consolidation will ensure consistent adjudication of the claims common to the two complaints.

### A. Common Parties

The Plaintiffs and Plaintiff Class members in both the institutionalized complaint and at-risk complaint are overlapping and interchangeable between the classes based on the level of services provided by the Defendants. All Plaintiffs and Plaintiff Class members in each complaint are medically fragile or medically complex and require ongoing care and support. If the children who are currently institutionalized are provided with the medically necessary services to return home, they become a member of the at-risk class because if their services are

then decreased, they are at-risk of returning to a nursing facility. If the children who are currently at-risk of institutionalization do not receive the appropriate services to remain at home, then they will be forced to be placed in a nursing facility and become a member of the institutionalized class.

The legal claims in *both* complaints allege violations against the same three Defendants: Dudek, Farmer and Wiggins. *See* Ex. 1 at ¶¶ 15-17; Doc. 1 at ¶¶ 26-28. The at-risk complaint also includes eQHealth Solutions, Inc. as a Defendant. *See* Doc. 1 at ¶ 29. eQHealth contracts with the Agency for Health Care Administration to make the medical necessity determinations for level of services to be provided to those children living at home and in the community.

The Plaintiffs in *both* cases are medically fragile or medically complex Medicaid recipient children. *See* Ex. 1 at ¶¶ 1, 10; Doc. 1 at ¶¶ 1-2, 8. A medically fragile child is one who is typically on a tracheotomy, gastrostomy, ventilator, and/or some other technological medical equipment. Doc. 1 at ¶¶ 1-2. These children are eligible for and require ongoing Medicaid funded services to survive. For example, in order to live at home and in their communities these children require private duty nursing services.

"Actions that involve the same parties are apt candidates for consolidation." *Pigott v. Sanibel Development, LLC*, 2007 WL 4097427, at *1 (S.D.Ala., Nov. 13, 2007) (quoting *Blasko v. Washington Metropolitan Area Transit Authority*, 243 F.R.D. 13, 16 (D.D.C. 2007)). Further, that the at-risk complaint alleges claims against one additional defendant does not make consolidation inappropriate. *See Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (internal citations ommitted).

Because the two complaints share three common defendants, and because the Plaintiffs and Plaintiff Class members suffer from the same types of disabilities, require similar levels of

services and seek similar relief, and because Plaintiff and Plaintiff Class members are subject to move from at-risk to institutionalized, and vise-versa, based on the level of services funded by defendants, consolidation of the two actions is appropriate.

### B. Common Legal Claims based on Common Facts

Because the two complaints share a number of common causes of action based on the same or substantially similar actions and/or inactions of the defendants, there is an inherent risk of inconsistent treatment adjudication, and for this reason the cases should be consolidated.

*Both* cases allege Defendants violated the same legal provisions of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12165 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Ex. 1 at ¶¶ 137-145, 146-150; Doc. 1 at ¶¶ 165-175, 175-180.

The institutionalized complaint claims that the Defendants are illegally segregating the institutionalized Plaintiffs and Plaintiff Class members in violation of the ADA and the Rehabilitation Act. *See* Ex. 1 at ¶ 144.  The at-risk complaint claims Defendants are denying Plaintiffs and Plaintiff Class members medically necessary services in the community as a reasonable accommodation, resulting in Plaintiffs and Plaintiff Class members being at risk of unnecessary institutionalization in nursing facilities in violation of the ADA and the Rehabilitation Act. *See* Doc. 1 at ¶ 174.

Further, *both* cases involve violations of the United States Medicaid Act, 42 U.S.C. §§1396-1396v. Ex. 1 at ¶¶ 151-157; Doc. 1 at ¶¶ 181-190.

In the institutionalized complaint, Plaintiff and Plaintiff Class members have alleged that they have been inappropriately admitted to nursing facilities and have not been appropriately screened for specialized services in violation of the Medicaid Act.  In the at-risk complaint, Plaintiffs and Plaintiff Class members have alleged that Defendants are systematically reducing

or attempting to reduce their EPSDT services, placing them at risk of institutionalization. Accordingly, both complaints allege violations of the Medicaid Act. *See* Ex. 1 at ¶¶ 31-56; Doc. 1 at ¶¶ 43-65, 159, 181-185.

The relief sought by Plaintiffs and Plaintiff Class members in both cases is substantially the same. In each case, Plaintiffs and Plaintiff Class members seek declarations that Defendants have violated their rights under the same provisions of the ADA, the Rehabilitation Act and the Medicaid Act. Further, Plaintiffs and Plaintiff Class members in both cases seek injunctive relief against the Defendants requiring them to pay for medically necessary services so that they can live and continue to live in their communities.

"[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Pigott v. Sanibel Development, LLC*, 2007 WL 4097427, at *1 (S.D.Ala., Nov. 13, 2007) (quoting *Blasko v. Washington Metropolitan Area Transit Authority*, 243 F.R.D. 13, 16 (D.D.C. 2007)). Because the resolution of the institutional claims and the at-risk claims will require analysis of the same laws and facts, and the same evidence and testimony will be put forth in each case, consolidation of the two cases is warranted.

### C. Burden on Parties, Witnesses and Judicial Resources Posed by Multiple Lawsuits

If the cases are not consolidated, there is potential for duplicative hearings, evidence, testimony, discovery and motion practice. Consolidation of the cases will reduce the time and work required by all parties and witnesses, and the Court.

The plaintiffs will utilize the same witnesses and experts for both cases. The plaintiffs will call the same witnesses as to the Defendants' policymakers. The plaintiffs will also use the same experts in both cases.

Consolidation will only facilitate the parties and their witnesses in preparing for trial as it will simplify pre-trial discovery. Further, having one court rule on all pre-trial motions and issues will also be more efficient and fair to the parties involved.

### D. Potential Expense of Two Overlapping and Duplicative Trials

Consolidation will also conserve judicial resources by allowing one court to expend time on these common issues of law and fact. These cases are class actions and as such involve complicated questions of law and fact for large groups of children. It is likely that these cases will, separately, be two lengthy trials. It is therefore beneficial to consolidate these cases in order to avoid judicial waste.

### E. Risk of Prejudice and Possible Confusion

Though cases may be consolidated for convenience and economy, there is no risk of prejudice to any of the parties, as consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-497, 53 S.Ct. 721, 728 (U.S. 1933).

Both complaints were filed simultaneously on March 13, 2011, and are in the same procedural stage. Consolidation is proper where the cases are in the same stage and will not cause a delay in the individual case. There is no risk of prejudice or confusion should the Court consolidate the two cases.

The undersigned have conferred with all counsel for defendants in the institutionalized and at-risk complaints and none object.

## IV. CONCLUSION

For the foregoing reasons, all of the parties involved, including the court, will benefit from consolidation of all matters for the above captioned cases. Accordingly, pursuant to Federal Rule of Procedure 42(a), consolidation should be granted.

**Law Offices of Matthew W. Dietz, P.L.**

BY:  s/ Matthew Dietz
Matthew W. Dietz
Fla. Bar No. 84905
*Matthewdietz@usdisabilitylaw.com*
2990 SW 35th Ave.
Miami, FL 33133
Phone:  (305) 669-2822
Fax:     (305) 442-4181
Lead Trial Attorney

**FSU College of Law Public Interest Law Center**

BY:  s/ Paolo G. Annino
Paolo G. Annino
Florida Bar No. 0379166
*PAnnino@law.fsu.edu*
425 W. Jefferson Street
Tallahassee, FL 32306
Phone: (850) 644-9928
Fax:    (850) 644-0879
Co-counsel

And

**The North Florida Center For Equal Justice, Inc.**

BY:  s/ Jamie Ito
Jamie Ito
Florida Bar No. 13553
*jamie@nfcfej.org*
Edward J. Grunewald
Fla. Bar No. 612472
*egrunewald@nfcfej.org*
Jill B. Zaborske
Fla. Bar No. 621005

*jill@nfcfej.org*
2121 Delta Blvd.
Tallahassee, FL 32303
Phone: (850) 701-3980
Fax:    (850) 701-3985
Co-counsel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing were served upon the following via CM/ECF and U.S. Mail on this 26th day of April, 2012.

BY:  s/ Matthew Dietz
Matthew W. Dietz

Lisa Scoles
Harry Osborne Thomas
Radey Thomas Yon & Clark, P.A.
301 S. Bronough Street
Suite 200
Tallahassee, FL 32301
Attorney for eQHealth

Nicholas William Romanello
4052 Bald Cypress Way, Bin A02
Tallahassee, Florida 32399-1703
Attorney for Farmer and Wiggins

Andrew T. Sheeran
Beverly H. Smith
2727 Mahan Drive
Building 3, MS #3
Tallahassee, FL 32308
Attorneys for Dudek