Exhibit 1

**ADA Class Certification Cases**

| Case Name (Cite) | Certified Class | Defendants | Relief Sought |
|---|---|---|---|
| Alexander A. ex rel. Barr v. Novello, No. 99-CV-8418, 210 F.R.D. 27 (E.D.N.Y. 2002) | All New York State children institutionalized with psychiatric disabilities who have been or will be found by defendants to be appropriate for placement in a Residential Treatment Facility and who have not been or will not be provided with such placement with reasonable promptness | Commissioner of the NY State Department of Health; Commissioner of the NY State Office of Mental Health | Expand assessment for and provision of community services |
| A.M. v. Mattingly, No. 10-cv-02181 (E.D.N.Y. Jun. 8, 2010) | Children under the age of 18 who are in the custody of New York City Administration for Children's Services ("ACS") and who are currently admitted or will be brought to and admitted to acute psychiatric hospitals and who, once admitted and deemed ready for discharge, are not moved by ACS and/or one of its contract agencies to the least restrictive setting appropriate to their needs. | Commissioner of the New York City Administration for Children's Services | Prompt discharge, when appropriate, of children who are in the custody of ACS and New York City's foster care system from psychiatric hospitals to least restrictive settings |

Exhibit 1

| Case Name (Cite) | Certified Class | Defendants | Relief Sought |
|---|---|---|---|
| Arc/Connecticut et al. v. O'Meara and Wilson-Coker, No. 01-cv-1871 (D. Conn. Jan. 31, 2003) | All institutionalized persons or persons at risk of being institutionalized who are eligible for DMR services who have applied for and are eligible for the waiver program or would be eligible if they had the opportunity to apply | Commissioner of the CT State Department of Mental Retardation; Commissioner of the CT State Department of Social Services | Expand community placements to meet class needs |
| Ball et al v. Biedess et al., No. 00-cv-67 (D. Ariz. Aug. 7, 2000) | Elderly or persons with physical disabilities or developmental disabilities eligible for Arizona Long-Term Care System | Director of the AZ Health Care Cost Containment System; AHCCCS; State of Arizona | Increase payment for direct service professionals in the community in order to provide sufficient community services to meet class needs |
| Barthelemy v. Louisiana Dept. of Health and Hospitals, No. Civ.A. 00-1083 (E.D. La. Oct. 19, 2000) | All persons with disabilities who are institutionalized or who are at imminent risk of being institutionalized and who have applied for home and community-based waivers and who have not received such Medicaid-funded community-based services | LA Department of Health and Hospitals; Secretary of LA Department of Health and Hospitals | Provide services in the most integrated setting to give persons a choice between institutional and community services |

Ex. 1, p.2

| Case Name (Cite) | Certified Class | Defendants | Relief Sought |
| --- | --- | --- | --- |
| Benjamin v. Department of Public Welfare, No. 09-cv-01182 (M.D. Pa. Sept. 2, 2009) | All persons who: (1) currently or in the future will reside in one of Pennsylvania's state-operated intermediate care facilities for persons with mental retardations; (2) could reside in the community with appropriate services and supports; and (3) do not or would not oppose community placement. | Department of Public Welfare of the Commonwealth of Pennsylvania and the Secretary of Public Welfare of the Commonwealth of Pennsylvania | Institutional improvement, improved community based services, and alternative placement |
| Benjamin H. v. Ohl, No. 3:99-0338, 1999 U.S. Dist. LEXIS 22454 (S.D. W.Va. Oct. 8, 1999) | All current and future West Virginia residents with developmental disabilities or mental retardation who are Medicaid-eligible and eligible for Intermediate Care Facility services and/or home and community-based waiver services | Secretary of the Department of Health and Human Resources | Development of community placements and housing options in sufficient number to meet class needs |
| Boulet v. Cellucci et al., No. 99-10617 (D. Mass. Jan. 29, 2001) | All individuals wait listed as of July 2000, regardless of whether the person was receiving or would be eligible to receive HCB waiver services | Governor of Massachusetts; Secretary of the Executive Office of Administration and Finance; Secretary of the Executive Office of Health and Human Services; Commissioner of the Division of Medical Assistance; and Commissioner of the Department of Mental Retardation | Development of community placements in sufficient number to meet class needs |

Ex. 1, p.3

| Case Name (Cite) | Certified Class | Defendants | Relief Sought |
|---|---|---|---|
| Bryson v. Stephen, No. 99-CV-558-SM (D.N.H. June 26, 2000) | Individuals with acquired brain disorders who are currently institutionalized who are able to be discharged into a less restrictive community setting, or they are individuals who are in the community but who, in the absence of home and community-based services, are likely to be placed in an institution | NH Department of Health and Human Services; NH Division of Developmental Services | Expansion of home and community based services to meet class needs |
| Bzdawka v. Milwaukee County, No. 04-C-193, 238 F.R.D. 469 (E.D.Wis. 2006) | Institutionalized and disabled Milwaukee County residents who are now or will in the future be eligible to reside in an adult family home or community based residential facility | Milwaukee County; WI Department of Health and Family Services; Secretary for Department of Health and Family Services | Increase compensation for Homes for Independent Living and other providers of services to Family Care enrollees |

Ex. 1, p.4

| Case Name (Cite) | Certified Class | Defendants | Relief Sought |
| --- | --- | --- | --- |
| Chambers v. San Francisco, No. 06-cv-6346 (N.D. Cal. Jul. 12, 2007) | All adult Medi-Cal beneficiaries who are: (1) residents of Laguna Honda Hospital and Rehabilitation Center; or (2) on waiting lists for Laguna Honda Hospital and Rehabilitation Center; or (3) within two years post-discharge from Laguna Honda Hospital and Rehabilitation Center; or (4) patients at San Francisco General Hospital or other hospitals owned or controlled by the City and County of San Francisco, who are eligible for discharge to Laguna Honda Hospital and Rehabilitation Center | City and County of San Francisco | Community placements and appropriate community-based services |
| Colbert v. Blagojevich, 2008 WL 4442597 (N.D.Ill. Sept. 29, 2008) | All Medicaid-eligible adults with disabilities in Cook County, Illinois, who are being, or may in the future be, unnecessarily confined to nursing facilities and who, with appropriate supports and services, may be able to live in a community setting. | Governor of the State of Illinois; Secretary of the Illinois Department of Human Services; Director of the Illinois Department of Healthcare and Family Services; and Director of the Illinois Department of Public Health | Development of community-based services and supports to enable individuals in nursing facilities in Cook County to move to more appropriate and integrated settings. |

| Case Name (Cite) | Certified Class | Defendants | Relief Sought |
|---|---|---|---|
| Connecticut Office of Protection and Advocacy for Persons With Disabilities v. State of Connecticut, 706 F.Supp.2d 266, 272-73, 284-89 (D.Conn. 2010) | Individuals consisting of those who: (1) have a mental illness or have a record of such an illness or have been regarded as having such an illness and therefore have a disability within the meaning of 42 U.S.C. § 12102(2); (2) with appropriate supports and service, could live in the community; and (3) are institutionalized in either Chelsea Place Care Center in Hartford, Bidwell Care Center in Manchester, or West Rock Health Care Center in New Haven, or are at risk of entry into these facilities. | State of Connecticut; Commissioner of the Connecticut Department of Social Services, Commissioner of the Connecticut Department of Mental Health and Addiction Services, and Commissioner of the Connecticut Department of Public Health | Provide community-based services and supports to class members to enable them to relocate from nursing facilities to more integrated community settings and inform class members of their options regarding community-based services. |
| Connecticut Traumatic Brain Injury Assoc. v. Hogan, No. 2:90CV97 (D. Conn. July 6, 1990) | All persons with traumatic brain injury and mental retardation who are institutionalized or may be institutionalized at Norwich, Fairfield Hills Hospital and Conn. Valley Hosp | Commissioner of the CT State Department of Mental Health; Commissioner of the CT State Department of Mental Retardation; Fairfield Hills Hospital M.D. Superintendent; Fairfield Hills Hospital Superintendent; Norwich Hospital Superintendent; Norwich Probate Court Honorable Judge; Newtown Probate Court Honorable Judge; William W. Backus Hospital | Development of community placements for persons with mental retardation or traumatic brain injuries institutionalized in state hospitals for the mentally ill |

Ex. 1, p.6

| Case Name (Cite) | Certified Class | Defendants | Relief Sought |
|---|---|---|---|
| Dominguez v. Schwarzenegger, No. 09-cv-2306, 270 F.R.D. 477 (N. D. Cal. Jun. 10, 2010) | All In-Home Supportive Services consumers residing in Alameda, Calaveras, Contra Costa, Fresno, Marin, Mendocino, Monterey, Napa, Placer, Riverside, Sacramento, San Benito, San Francisco, San Luis Obispo, San Mateo, Santa Barbara, Santa Clara, Santa Cruz, Solano, Sonoma and Yolo counties<br><br>*Sub-class*: All In-Home Supportive Services consumers residing in Fresno County | Governor of California, Director of the California Department of Social Services, Director of the California Department of Health Care Services, California State Controller, Defendants-Appellants, Fresno County, Fresno County In-Home Supportive Services Public Authority | To enjoin the state from reducing its contribution to wages counties paid to IHSS providers |
| Dubois et al. v. Rhonda Medows et al., No. 03-CV-107 (N.D. Fla. March 1, 2004) | All individuals with traumatic brain or spinal cord injuries who are unnecessarily institutionalized or at risk of institutionalization who the state has already determined or will determine to be eligible to receive BSCI Waiver Program Services and have not received such services | Secretary of FL Agency for Health Care Administration; Secretary of FL Department of Health; Secretary of FL Agency for Health Care Administration; Secretary of Department of Health | Expansion of home and community based services to meet class needs |
| Frederick L., et al. v. Department of Public Welfare et al., No. 00-4510 (E.D. Pa. Nov. 21, 2001) | Persons institutionalized at Norristown State Hospital at any time after September 5, 2000 | Department of Public Welfare of PA; Secretary of Public Welfare of PA | Development of community placements and housing options in sufficient number to meet class needs |

| Case Name (Cite) | Certified Class | Defendants | Relief Sought |
|---|---|---|---|
| Fields v. Maram, No. 04 C 0174, 2004 WL 1879997 (N.D. Ill. Aug. 17, 2004) | All persons with disabilities who are or will be recipients of Illinois' Medicaid program, who reside in Medicaid-funded nursing homes and for whom motorized wheelchairs are medically necessary, but who have not been provided with such equipment | Director of the IL Department of Public Aid | Provide motorized wheelchairs |
| Gray v. Golden Gate Nat'l Recreational Area, 2011 WL 5573466 (N.D. Cal. Nov. 15, 2011) | All persons with mobility and/or vision disabilities who are being denied programmatic access under the Rehabilitation Act of 1973 due to barriers at park sites owned and/or maintained by Golden Gate National Recreation Area. For the purpose of class certification, persons with mobility disabilities are those who use wheelchairs, scooters, crutches, walkers, canes, or similar devices to assist their navigation. For the purpose of class certification, persons with vision disabilities are those who due to a vision impairment use canes or service animals for navigation | Golden Gate, National Recreational Area | The removal of access barriers for people with mobility and vision disabilities that violate the ADA and Section 504 of the Rehabilitation Act. |

| Case Name (Cite) | Certified Class | Defendants | Relief Sought |
|---|---|---|---|
| Hampe v. Hamos, No. 10-c-3121 (N.D. Ill. Nov. 22, 2010) | All persons who are enrolled or will be enrolled or were enrolled in the State of Illinois' Medically Fragile, Technology Dependent Medicaid Waiver Program (MF/TD) and when they obtain the age of 21 years are subjected to reduced Medicaid funding which reduces the medical level of care which they had been receiving prior to obtaining 21 years. | Director of the Illinois Department of Healthcare and Family Services. | The continuation of the funding and level of services received under the MF/TD program to individuals over the age of 21. |
| Hutchinson v. Patrick, No. 07-30084-MAP (D. Mass. Sept. 26, 2007 & Oct. 4, 2007) | All Massachusetts residents who now, or at any time during the litigation: (1) are Medicaid eligible; (2) have suffered a brain injury after the age of 22; and (3) reside in a nursing or rehabilitation facility or are eligible for admission to such a facility. | Governor of Massachusetts; Secretary of the Massachusetts Executive Office of Health and Human Services; Secretary of the Massachusetts Executive Office of Administration and Finance; Acting Director of MassHealth; and Commissioner of Massachusetts Rehabilitation Commission. | Provide individuals with acquired brain injuries with the option of being placed in community settings with appropriate services and support rather than in nursing or rehabilitation facilities. |

| Case Name (Cite) | Certified Class | Defendants | Relief Sought |
|---|---|---|---|
| Jimmie v. Dept of Public Welfare, No. 09-cv-1112 (M.D. Pa. Sept. 8, 2009) | All individuals with mental retardation who are institutionalized in state psychiatric facilities and who are not subject to the jurisdiction of the criminal courts. | Department of Public Welfare of the Commonwealth of Pennsylvania; Secretary of Public Welfare of the Commonwealth of Pennsylvania | Community support and services for residents who are appropriate for discharge |
| Katie A. v. Bonta, No. Cv02-5662-AHM (C.D.Cal. June 18, 2003) | Children in California who (a) are in foster care or are at imminent risk of foster care placement; and (b) have a mental illness or condition that has been documented or, had an assessment already been conducted, would have been documented; and (c) who need individual mental health services, including but not limited to professionally acceptable assessments, behavioral support and case management services, therapeutic foster care and other necessary services in the home, or in a home-like setting, to treat or ameliorate their illness or condition. | Director of California Department of Health Services; Director of California Department of Social Services; Los Angeles County; Los Angeles County Department of Children and Family Services and its Acting Director. | Provision of coordinated home- and community-based behavioral health services to children with mental or behavioral health conditions who are in foster care or at risk of foster care placement |

| | | |
|---|---|---|
| Long v. Benson, No. 08-cv-26 (N. D. Fl. Oct. 14, 2008) | Any Florida-Medicaid-eligible adult, who at any time while this litigation has been pending, has resided in a nursing home that receives Medicaid funding, and how could and would reside in the community with appropriate community based services. s | Secretary of the Florida Agency for Health Care Administration and Secretary of the Florida Department of Elder Affairs | Community placement and appropriate community-based services |
| M.A.C. v. Betit, No. 2:02CV1395, 284 F. Supp. 2d 1298 (D. Utah Aug. 26, 2003.) | Current and future Medicaid-eligible individuals residing in Utah who are at risk of institutionalization and who, because of their developmental disabilities or mental retardation, have or will be determined to be eligible for, and are or will be on the waiting list to receive, services under the HCBS waiver | The UT Department of Health and its Executive Director; Division of Health Care Financing of UT Department of Health and its Director; Division of Services for People with Disabilities of UT Department of Human Services and its Director. | Expansion of home and community based services to meet class needs |

Ex. 1, p.11

| Case | Class | Defendants | Relief |
|---|---|---|---|
| Makin ex rel. Russell v. Hawaii, No. 98cv997 (D. Haw. Sept. 20, 1999) | Mentally retarded people living at home who are on a wait list for services from Hawaii's HCBS-MR program and seek but cannot obtain the services because of a lack of state funding for the services | State of HI; HI State Governor; Director of HI State Department of Human Services; Director of HI State Department of Health; Chief of Developmental Disabilities Division of HI State Department of Health; Med-Quest Division Administrator of HI State Department of Human Services; Deputy Director of Health Resources Administration of HI State Department of Health; Administrator of the Social Service Division of the HI State Department of Human Services | Expansion of home and community based services to meet class needs |
| Martin v. Voinovich, No. C-2-89-362 (S.D. Ohio Feb 5, 1990) | More than 9,000 persons in Ohio with mental retardation or developmental disabilities who are institutionalized and are or will be in need of community housing and services which are normalized, home-like and integrated | Governor of State of OH; OH Department of Mental Retardation and Developmental Disabilities; Director of OH Department of Job and Family Services; Champaign Residential Services, Inc. | Development of community placements and housing options in sufficient number to meet class needs |

| | | |
|---|---|---|
| Michelle P et al. v. Holsinger et al., No. 02-CV-00023 (E.D. Ky. Mar. 7, 2002) | All present and future Kentuckians with mental retardation and/or related conditions who live with caretakers who are eligible for, and have requested, but are not receiving Medical Assistance community residential and/or support services | Secretary of KY Cabinet for Health Services; Commissioner of KY Department for Mental Health and Mental Retardation; Commissioner for KY Department of Medicaid Services | Development of community placements and housing options in sufficient number to meet class needs |
| Miranda B. v. Kulongoski, No. 00-cv-01753 (D. Or. Dec. 13, 2004) | All civilly committed adults in Oregon state hospitals, as of December 1, 2003, who have not been discharged within 90 days of the ready-to-place determination of their Treatment Team and who consent to placement in the community | Governor of the State of Oregon; Oregon Department of Human Services; Director of the Oregon Department of Human Services | Community placement and services |

| Case | Class | Defendants | Relief |
|---|---|---|---|
| Murray v. Auslander, No. 98-01066-CV, (S.D. Fla. March 10, 1999); Appeal: No. 00-11955, 244 F.3d 807 (11th Cir. 2001) | Participants in the Waiver Program who are not receiving needed services under the Waiver for which the state already has determined or will determine to be eligible and qualified to receive a medically necessary HCBW service | District Administrator of Department of Children and Families District XI; Highest ranking official of State of FL Agency for Health Care Administration; Highest ranking official of FL Department of Children and Family Services; Secretary of the Department of Children and Families; Director for Agency for Health Administration; Assistant Secretary for Developmental Services of the Department of Children and Families; The State of FL; Governor of FL | Provide all necessary home and community-based waiver services for participants of the Waiver Program whom Defendants already have deemed eligible to receive such services |
| Oster v. Lightbourne, 2012 WL 685808 (N.D. Cal. Mar. 2, 2012) | Certifying two subclasses of persons whose services will be "limited, cut or terminated" under California's home-care prgrm" | Director of the California Department of Social Services; Director of the California Department of Health Care Services; California Department of Health Care Services; and California Department of Social Services | Injunctive and declaratory relief under the due process clause, the Medicaid Act, the ADA and Section 504, including restoration of reduced services. |

| Case | Class | Defendant | Purpose |
|---|---|---|---|
| Pashby v. Cansler, No. 5:11-CV-273, 2011 WL 6130819 (E.D.N.C. Dec. 8, 2011) | All current or future North Carolina Medicaid recipients age 21 or older who have, or will have, coverage of PCS denied, delayed, interrupted, terminated, or reduced by Defendant directly or through his agents or assigns as a result of the new eligibility requirements for in-home PCS and unlawful policies contained in ICHA Policy 3E. | Secretary of the North Carolina Department of Health and Human Services | To determine that the newly implemented In Home Care for Adults Clinical Policy 3E, which terminates eligibility for in-home care for Medicaid recipients who were eligible for such care prior to the new policy, is unlawful |

| | | |
|---|---|---|
| Pitts v. Greenstein, No. 10-cv-635 (M.D. La. 2010 June 6 2011) | *Court ordered definition:* Louisiana residents with disabilities who have been receiving Medicaid-funded services through the LT-PCS program; who desire to reside in the community instead of a nursing facility; who require more than 32 hours of Medicaid-funded personal care services per week in order to avoid entering a nursing facility, and who not have available (including through family supports, shared living arrangement, or enrollment in the ADHS waiver) other means of receiving personal care services. *Redefinition as provided in the settlement agreement:* All persons who were approved to receive more than 32 hours of services through Lousiana's Long-Term Personal Care Services (LT-PCS) program as of September 5, 2010, and who are still approved to receive LT-PCS or who have a request for prior authorization pending or in process. | Louisiana Department of Health and Hospitals and the Secretary of the Department of Health and Hospitals | To stop the reduction of the maximum number of Medicaid Personal Care Services (PCS) hours available each week or risk the institutionalization of individuals with disabilities. |

| | | |
|---|---|---|
| Stevens v. Harper, No. CIV-S-01-0675, 213 F.R.D. 358 (E.D. Cal. 2002) | All youths under the jurisdiction of the California Youth Authority ("CYA") who are at the time of the filing of the action, or will be during the pendency of the suit, confined at one of the CYA's eleven institutions | Program Director at Preston Youth Correctional Facility; Superintendent; Assistant Superintendent; Y.C.C.; Director of CA Youth Authority; CA Youth Authority | Reform CYA's policies, practice and procedures regarding among others: (1) the physical safety of wards, (2) the confinement of wards in lock-up units, (3) administrative lockdown procedures, (4) the upkeep of the physical facilities, (5) discipline and segregation procedures, (6) health care |
| Staley v. Kitzhaber, No. 00-cv-78 (D. Or. 2000) | People throughout the State of Oregon with developmental disabilities who re on the waiting list to receive Medicaid services | Governor of Oregon, Director of the Oregon Department of Human Services, and the Oregon Department of Human Services | Medicaid services in the most integrated setting appropriate to their needs |
| Rolland v. Cellucci, 1999 WL 34815562 (D. Mass. Feb. 2, 1999) | Adults with mental retardation and other developmental disabilities in Massachusetts who resided in nursing facilities on or after October 29, 1998. or who are or should be screened for admission to nursing facilities pursuant to 42 U.S.C. § 1396r(e)(7) and 42 C.F.R. § 483.112 et seq. | Governor of MA; Secretary of the Executive Office of Administration and Finance; Secretary of the Executive Office of Health and Human Services; Commissioner of the Division of Medical Assistance; Commissioner of the Department of Mental Retardation; Commissioner of the MA Rehabilitation Commission; Commissioner of the Department of Public Health; Director of Region 1 for the Department of Mental Retardation. | Provision of and placement in integrated community living arrangements, and, while in nursing facilities, the provision of specialized services sufficient to constitute active treatment. |

| T.R. v. Dreyfus, No. 09-cv-1677 (W.D. Wash. Jul. 23, 2010) | All persons under the age of 21 who now or in the future: (1) meet or would meet the State of Washington's Title XIX Medicaid financial eligibility criteria; (2) are determined and documented by a licensed practitioner of the healing arts operating within the scope of their practice as defined by Washington state law, to have a mental illness or condition, or had a screen or an assessment been conducted by such practitioner, would have been determined and documented to have a mental illness or condition; (3) have a functional impairment, which substantially interferes with or substantially limits the ability to function in the family, school or community setting; and (4) for whom intensive home and community based services coverable under Title XIX Medicaid and eligible for Federal Financial Participation, have been, or would have been recommended by a licensed practitioner in order to correct or ameliorate a mental illness or condition. | Secretary of the Washington State Department of Social and Health Services. | The provision of home and community-based mental health services for Medicaid eligible children under 21 years with mental health needs. |

| | | |
|---|---|---|
| Van Meter v. Harvey, No. 09-cv-00633 (D. Me. Jan. 31, 2011) | The Named Plaintiffs . . . and all other Maine residents who currently are or in the future will be: (1) eligible for an enrolled in MaineCare, (2) age 21 or older, (3) have a related condition as defined at 42 C.F.R. § 435.1010, other than autism, and who do not have a dianosis of Alzheimers or dementia, and (4) who are or should be screened for admission to nursing facilities pursuant to 42 U.S.C. § 1396r(e)(7) and 42 C.F.R. § 483.112 et seq. | Commissioner of the Maine Department of Health and Human Services | Provision of and placement in integrated community living arrangements, and, while in nursing facilities. the provision of specialized services sufficient to constitute active treatment. |
| Williams et al. v. Blagojevich et al., No. 05-4673 (N.D. Ill. Nov. 13, 2006) | Illinois residents who: (a) have a mental illness; (b) are institutionalized in a privately-owned IMD ("Institutions for Mental Disease"); and, (c) with appropriate supports and services may be able to live in an integrated community setting | Governor of IL; Secretary of IL Department of Human Services; Director of the Division of Mental Health of IL Department of Human Services; Director of the IL Department of Public Health; Director of the IL Department of Healthcare and Family Services | An order that would require Illinois to offer and provide community services sufficient to permit IMD residents to reside in the most integrated community setting |