Exhibit 2

INSTITUTIONAL PLACEMENT CLASS ACTIONS

| Case Name (Cite) | Plaintiff | Institution | Relief Sought |
|---|---|---|---|
| ABC of ND v Olson No. A1-80-141 561 F.Supp. 473 (D.N.D. 1982), aff'd 713 F.2d 1384 (8th Cir.1983); 942 F.2d 1235 (8th Cir. 1991); 872 F.Supp. 689 (D.N.D. 1995) | Certified class of all persons who are or may become residents of Grafton or San Haven; ARC of ND | Grafton; San Haven | Community placement and institutional improvement. |
| A.M. v. Mattingly, No. 10-cv-02181 (E.D.N.Y.) | Certified class of children in the custody of New York City Administration for Children's Services who are currently in or will be admitted to acute psychiatric hospitals, deemed ready for discharge, and not moved to the least restrictive setting appropriate to their needs | Various psychiatric hospitals in New York | Prompt discharge, when appropriate, of children who are in the custody of ACS and New York City's foster care system from psychiatric hospitals to least restrictive settings |
| Baldridge v. Clinton No. LR C-83-1004 674 F.Supp. 665 (E.D. Ard. 1987); 139 F.R.D. 119 (E.D. Ark. 1991) | Certified class of institutionalized persons in the custody of DHS who are receiving inadequate treatment or inappropriate placement | Various institutions in Arkansas | Alternative placement and institutional improvement |
| Benjamin B. v. Cuomo No. 86-4248 (E.D.N.Y.) | Certified class of 70 persons with retardation institutionalized in psychiatric institution | Creedmoor Psychiatric Center | Provision of services required by professional judgment; additional staffing at institution pending placement in appropriate community facilities |

Exhibit 2

| Case Name (Cite) | Plaintiff | Institution | Relief Sought |
|---|---|---|---|
| Benjamin v. Dept. of Public Welfare, No. 09-cv-1182 (M.D. Pa.) | Certified class of individuals of developmental disabilities in state-run intermediate care facilities. | Five state-run intermediate care facilities | Institutional improvement, improved community based services, and alternative placement |
| Bogard v Duffy No. 88-C-2414 (N.D.Ill.) | Certified class of persons with developmental disabilities who, on or before march 1986, resided in an Intermediate Care or Skilled Nursing Facility in Illinois For more than 120 days; The ARC, Illinois | Nursing facilities in Illinois | Appropriate developmental services in the least restrictive community setting appropriate to each class member's needs; development of community services |
| Bonnie S. v. Drew Altman No. 87-3709 1989 W.L. 71795 (D.N.J.) | N.J. developmental centers on behalf of class of approximately 1,500 persons | NJ mental retardation institutions | Community placement |
| Brewster v. Dukakis No. 76-4423 F 544 F. Supp. 1069 (D.Ma.1982) | Class of persons with mental illness hospitalized at Northampton | Northampton State Hospital | Creation and maintenance of appropriate community programs |
| CARC v. Thorne C.A. H-78-653 (D. Conn.) | Certified class of residents (now former residents) of Mansfield Training School and Connecticut Assoc. For Retarded Citizens | Mansfield Training School | Community placement and institutional improvement |
| Chambers v. City and County of San Francisco, No. 06-cv-06346 (N.D. Cal.) | Certified class of residents at the Laguna Honda Hospital and Rehabilitation Center | Laguna Honda Hospital and Rehabilitation Center | Community placements and appropriate community-based services |

Ex. 2, p. 2

| Case Name (Cite) | Plaintiff | Institution | Relief Sought |
|---|---|---|---|
| Coffelt v. DDS<br>No. 916401<br>(Ca. Super. San Francisco) | Californians with developmental disabilities who are or will be clients of four regional centers and are inappropriately placed in institutions or in need of appropriate community services; Assoc. For Retarded Citizens -- California; The Assoc. For Persons with Severe Handicaps, Calif. Chpt.;United Cerebral Palsy Assoc. Of Calif.,Inc.; Capitol People First; the Oaks Group | State Developmental Centers where class members were placed including Porterville, Stockton, Laterman, Agnew, Fairview, Sonoma and Camarillo | Development of an array of individualized quality community living arrangements to meet the needs of each class member |
| Consumer Advisory Board v. Glover<br>No. 91-321-P-C<br>151 F.R.D. 490 (D. Ma. 1993) | Residents, outpatients, and advocates of Pineland Center | Pineland Center | Placement in least restrictive setting; physical safety of residents |
| Gieseking v. Schafer<br>No. 86-4636<br>672 F.Supp. 1249 (W.D. Mo. 1987) | Developmentally disabled persons in Missouri for whom DMH has failed to develop plan or secure treatment | Various DMH operated institutions | Development of habilitation plans and comprehensive services |

| Case Name (Cite) | Plaintiff | Institution | Relief Sought |
|---|---|---|---|
| Halderman v. Pennhurst StateSchool and Hospital No. 74-1345 446 F. Supp. 1295 (E.D. Pa. 1978) aff'd in part; modified on appeal, 612 F.2d.84 (3d Cir. 1979) rev'd and remanded, 451 U.S. 1 (1981), aff'd on remand, (3d Cir. 1982), rev'd and remanded, 465 U.S. 89 (1984) consent degree 610 F. Supp 1221 | All persons with mental retardation at Pennhurst and those at risk of placement | Pennhurst | Creation of community living arrangements; institutional improvement; damages |
| Homeward Bound v. Hissom Memorial Center No. 85-C 437-E 1987 Wl. 27104 (N.D. Ok. 1987) | Certified Class of residents and former residents of The Hissom Memorial Center | The Hissom Memorial Center | Institutional improvement and placement in integrated community setting |
| Horacek v. Exon No. CV72-L-299 357 F. Supp. 71 (D. Neb. 1973) | Class of persons institutionalized at Beatrice State Home | Beatrice State Home | Placement in less restrictive community alternatives |

Ex. 2, p. 4

| Case Name (Cite) | Plaintiff | Institution | Relief Sought |
|---|---|---|---|
| Jackson v. Fort Stanton Hospital and Training School<br>No. 87-839<br>757 F. Supp. 1243<br>(D.N.M. 1990), appeal dismissed in part, rev'd in part | Certified class of all persons who are or will reside at Fort Stanton or Los Lunas and all persons who have been transferred to nursing facilities and similar facilities funded by defendants | Fort Stanton and Los Lunas State School | Institutional improvements and placement in integrated community settings |
| Jimmie v. Dept of Public Welfare, No. 09-cv-1112 (M.D. Pa. Sept. 8, 2009) | All individuals with mental retardation who are institutionalized in state psychiatric facilities and who are not subject to the jurisdiction of the criminal courts. | Department of Public Welfare of the Commonwealth of Pennsylvania; Secretary of Public Welfare of the Commonwealth of Pennsylvania | Community support and services for residents who are appropriate for discharge |
| Kentucky ARC v. Conn<br>No. 78-0157(A)<br>510 F. Supp. 1233<br>(W.D. Ky. 1980)<br>674 F.2d 582 (6th Cir. 1982) | Certified class of all persons who reside or may reside at Outwood; KY ARC | Outwood | Prevent new construction or purchase of new institutional facilities |
| Kope v. Watkins<br>No. 88-61424 CZ<br>(3rd Judicial Cir., Wayne Cty., Mich.) | Class of developmentally disabled residents who are or may be residents of specialized nursing homes for developmentally disabled persons | Greenbrook Manor, Kalamazoo Total Living Center, Mt. Pleasant Total Living Center, Taylor Total Living Center, and Wayne Total Living Center | Provision of developmental services, placement in community residential settings |

Ex. 2, p. 5

| Case Name (Cite) | Plaintiff | Institution | Relief Sought |
|---|---|---|---|
| Lelsz v. Kavanaugh No. 3--8502462 673 F. Supp. 828 (N.D. Tex 1987); 783 F. Supp. 286 (N.D. Tex. 1991) | Certified class of 2,400 residents at Fort Worth State School representing class of mentally retarded residents treated at Texas facilities; 5,683 members total | Fort Worth State School; 13 institutions today | Community placement and institutional improvement |
| Long v. Benson, No. 08-cv-26 (N.D. Fl.) | Certified class of at least 8,500 Medicaid beneficiaries in nursing homes in Florida | Any nursing home in Florida that receives Medicaid funding | Community placement with appropriate community-based services |
| Martin v. Voinovich No. C-2-89-362, 840 F. Supp. 1175 (S.D. Ohio 1993) | Class of more than 9,000 persons in Ohio with mental retardation or developmental disabilities who are or will be in need of community housing and services which are normalized, home-like and integrated | Various institutions in Ohio | Development of community placements and housing options in sufficient number to meet class needs |
| Medley v. Ginsberg No. 78-2099 492 F. Supp. 1294 (S.D.W.V. 1980) | Certified class of all persons under 23 with retardation who are or will be institutionalized because of defendants' failure to provide community homes | Shawnee Hills Community Mental Health Center | Provision of appropriate education, treatment, care and services in foster homes and other community based facilities in their home communities |

| | | | |
|---|---|---|---|
| Michigan ARC v. Smith<br>No. 78-70384,<br>475 F. Supp. 990 (B.D.Mich. 1979) | Certified class of all residents of Plymouth Center | Plymouth Center for Human Development | Habilitation in appropriate, less restrictive residential alternative |
| Mihalcik v. Lensik<br>No. H-89-529<br>732 F. Supp. 299 (D. Conn. 1990) | Class action on behalf of persons with mental retardation who are or will be patients at Conn. Valley Hospital, a state mental institution | Connecticut Valley Hospital | Implementation of professional recommendations for services and placement |
| Miranda B. v. Kulongoski, No. 00-cv-01753 (D. Or. Dec. 13, 2004) | All civilly committed adults in Oregon state hospitals, as of December 1, 2003, who have not been discharged within 90 days of the ready-to-place determination of their Treatment Team and who consent to placement in the community | Governor of the State of Oregon; Oregon Department of Human Services; Director of the Oregon Department of Human Services. | Community placement and services |
| Nelson v. Snider<br>160 F.R.D. 46<br>(E.D.Pa. 1994);<br>1994 WL 502352 (E.D.Pa.) | Certified class of residents and former residents of Embreeville Center; The Arc, Penna., and Penna. Protection & Advocacy | Embreeville Center | Community placement institutional improvement |
| New Jersey ARC v. New Jersey Dept of Human Services<br>(89 NJ 234, 445 A.2d 704) (NJ 1982) | Class of mentally retarded citizens in public institutions in New Jersey | Hunterdon | Education and training; habilitation for adult residents; provision of services in the least restrictive setting feasible |

| | | |
|---|---|---|
| Nicoletti v. Brown<br>No. C87 1456<br>740 F. Supp. 1268<br>(N.D. Ohio 1987) | Class of involuntarily committed mentally retarded persons residing at Cleveland Developmental Center | Cleveland Developmental Center | Institutional improvement and opportunity for residents to choose placement in another appropriate Medicaid-certified facility; cease relocation to non-Medicaid certified facilities |
| NY State ARC v. Carey<br>Nos.72 CIV 356, 357<br>393 F. Supp. 715<br>(E.D.N.Y. 1975);<br>706 F.2d 956<br>(2nd Cir. 1983) | Certified class of residents of Willowbrook State Developmental Center; New York State ARC | Willowbrook State Developmental Center | Consent judgment approved; development of community services for residents of Willowbrook |
| Parrent v. Angus<br>No. 890907653CV<br>(3rd Jud. Dist. Court, Salt Lake Cty., Utah) | Certified class of all residents of the Utah State Training School, Assoc. For Retarded Citizens of Utah | Utah State Training School | Individualized community placement determinations, planned development of community residential services |
| Pashby v. Cansler, No. 5:11-CV-273, 2011 WL 6130819 (E.D.N.C. Dec. 8, 2011) | All current or future North Carolina Medicaid recipients age 21 or older who have, or will have, coverage of PCS denied, delayed, interrupted, terminated, or reduced by Defendant directly or through his agents or assigns as a result of the new eligibility requirements for in-home PCS and unlawful policies contained in ICHA Policy 3E. | Secretary of the North Carolina Department of Health and Human Services | To determine that the newly implemented In Home Care for Adults Clinical Policy 3E, which terminates eligibility for in-home care for Medicaid recipients who were eligible for such care prior to the new policy, is unlawful |

| | | |
|---|---|---|
| Ricci v. Okin<br>Nos. 72-469, 75-5210, 74-2768, 75-3910, and 75-5023<br>537 F. Supp. 817 (D. Mass. 1982);<br>97 F.R.D. 737 (D. Mass. 1983);<br>576 F. Supp. 415 (D. Mass. 1983);<br>781 F. Supp. 826 (D. Mass. 1992) | Class of mental retarded residents in five institutions; Mass. ARC | Belchertown, Fernald, Monson Wrentham, and Dever State Schools | Improve institutional conditions |
| Richard C. v. Snider<br>1993 WL 757634 (W.D.Pa.) | Certified class residents of Western Center, The Arc, Pennsylvania, The Arc, Allegheny County, and the Pennsylvania Protection and Advocacy Assoc. | Western Center | Community placement and institutional improvement |
| Rights, Equality Always at Letchworth, Inc. v. Cuomo<br>No. 84 Civ. 4163 (CES) (S.D.N.Y.);<br>1985 WL 129 (S.D.N.Y.) | Certified class of residents of Letchworth Village Development Center and Rights, Equality Always at Letchworth, Inc. (REAL), a parents/representative organization | Letchworth Village Developmental Center, an institution for 1,400 to 1,700 persons with retardation | Complaint alleged violations of residents constitutional rights to care, habilitation, training, education and treatment, and alleged that the defendants have maintained plaintiffs in a setting where those services cannot properly be provided |
| Ruth L. v. White<br>No. 90-5562 (E.D. Pa.) | All persons institutionalized in state hospitals in Pennsylvania for persons with mental illness contrary to professional judgment | Pennsylvania State Hospitals | Placement in appropriate community-based mental retardation settings |

| | | | |
|---|---|---|---|
| S.H. v. Edwards<br>No. 87-8635<br>860 F.2d 1045<br>(11th Cir. 1988),<br>vacated, 880 F.2d 1203 (1989),<br>judgment aff'd on reh'g en banc, 886 F.2d 292 (1989) | Certified class of persons with retardation in state institutions denied individualized review of continued institutionalization | Gracewood and five other state institutions in Georgia | Review or hearings on plaintiffs' continued need for placement; release and treatment in community settings; damages |
| Thomas S. v. Flaherty<br>No. C-82-418-M<br>699 F.Supp. 1178<br>(W.D.N.C. 1988),<br>aff'd 902 F.2d 250<br>(4th Cir. 1990) | Certified class of adults with retardation who are inappropriately placed in public psychiatric institutions in NC | Public psychiatric institutions | Community placement and services in accordance with professional judgment |
| Society for Good Will to Retarded Children v. Cuomo<br>No. 78 CV1847 (JBW)<br>(E.D.N.Y.)<br>572 F.Supp. 1298;<br>572 F. Supp. 1300<br>(E.D.N.Y.) 1983),<br>vacate and remanded, 737 F.2d 1239<br>(2d Cir.1984);<br>103 F.R.D. 169<br>(E.D.N.Y. 1984);<br>1986 WL 13931 | Certified class of more than 1,500 members; parents organization of Suffolk Developmental Center residents | Suffolk Developmental Center on Long Island, NY; renamed Long Island Developmental Center | Institutional improvement; expansion of community resources and support services; transfer of most clients to small community residences |

| | | |
|---|---|---|
| Van Meter v. Harvey, No. 09-cv-633 (D. Me.) | Certified class of Maine residents eligible for MaineCare who reside in nursing facilities | Nursing homes in Maine and Massachusetts where Maine residents reside | Provision of and placement in integrated community living arrangements, and, while in nursing facilities, the provision of specialized services sufficient to constitute active treatment |
| Welsch v. Likins No. 4-72-CIV-451 373 F.Supp. 487 (D.Mn. 1974), Aff'd 550 F.2d 1122 (8th Cir. 1977); Welsch v. Gardebring 667 F.Supp. 1284 (D.Minn. 1987) | Class of all persons with retardation committed to Minnesota State institutions | Brainerd, Cambridge, Faribault, Fergus Falls, Hastings and Moose Lake | Individualized treatment and development of less restrictive community alternatives |
| Wuori v. Concannon No. 75-80 551F.Supp. 185 (D.Me. 1982) | Class of mentally retarded Maine citizens | Pineland Center | Institutional improvement and community services |
| Wyatt v. Stickney, No. 319-N 344 F.Supp. 387, aff'd 503 F.2d 1305 (5th Cir. 1974) | Certified class of institutionalized persons in Alabama with mental illness or mental retardations | Partlow State School and Hospital expanded to other Alabama retardation facilities | Promulgation and implementation of minimum standards |

Ex. 2, p. 11