# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY ___AP___
Dec 20, 2016
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 20, 2016

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 16-15518-DD
Case Style: A.R. v. Elizabeth Dudek, et al
District Court Docket No: 0:12-cv-60460-WJZ

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Elora Jackson, DD/lt
Phone #: (404) 335-6173

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15518-DD

_____

A.R.,
by and through her next friend, Susan Root,

                                                                              Plaintiff-Appellant,

C.V.,
by and through his next friends, Michael and Johnette Wahlquist, et al.,

                                                                              Plaintiffs,

versus

ELIZABETH DUDEK,
in her official capacity as Secretary of
the Agency for Health Care Administration,
H. FRANK FARMER, JR., M.D.,
in his official capacity as the State Surgeon General and
Secretary of the Florida Department of Health,
KRISTINA WIGGINS,
in her official capacity as Deputy Secretary of the
Florida Department of Health and
Director of Children's Medical Services,
SURGEON GENERAL, STATE OF FLORIDA,
DEPUTY SECRETARY, et al.,

                                                                        Defendants-Appellees,

EQHEALTH SOLUTIONS, INC., et al,

                                                                                 Defendants.

_____

UNITED STATES OF AMERICA,

                                                                                           Plaintiff,

versus

THE STATE OF FLORIDA,

                                                                                         Defendant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

Before: MARCUS, WILLIAM PRYOR, and JORDAN, Circuit Judges.

BY THE COURT:

    The Defendant-Appellees' motion to dismiss this appeal is GRANTED.

    Plaintiff-Appellant A.R., by and through her next friend, Susan Root, appeals from the district court's June 27, 2016 order dismissing A.R. from this action for mootness or lack of standing (the "Order"), and from the court's June 30, 2016 order denying A.R.'s motion for reconsideration. These orders did not dispose of all claims against all parties and were not certified for immediate review under Federal Rule of Civil Procedure 54(b), and are, therefore, not appealable as final orders. *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012).

    In addition, these orders are not appealable as collateral orders. An order that dismisses one of several plaintiffs for lack of standing, as the Order did here, is not appealable as a collateral order. *See Citizens Concerned About Our Children v. Sch. Bd. of Broward Cnty., Fla.*, 193 F.3d 1285, 1290 (11th Cir. 1999). Moreover, our opinion in *Transamerica Commercial Fin. Corp. v. Banton, Inc.*, 970 F.2d 810 (11th Cir. 1992) is not to the contrary. That case involved an award of sanctions in an ancillary proceeding, where the defendants were then removed from the action by judgment. *Transamerica Commercial Fin. Corp.*, 970 F.2d at 815. In *Transamerica*, we noted that the district court's procedure was "highly unusual," but concluded that the court's

order was analogous to an award of sanctions, which, under the unusual posture of the case, was appealable as a collateral order. *Id.* We treated the imposition of the sanctioning default judgment as an implicit severance. *Id.* Nothing in *Transamerica* expands the scope of the collateral order doctrine, under which a sanctions order is related to the merits and can be reviewed instead on appeal from the final judgment. *See Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204-09 (1999).

Here, by contrast, A.R. was dismissed from the action, but was not subjected to any affirmative judgments. Her dismissal is therefore no different from any other order dismissing one of several plaintiffs, which is, again, not appealable as a collateral order. *See Citizens Concerned About Our Children*, 193 F.3d at 1290. Indeed, we have expressly underscored the unusual nature of our *Transamerica* decision, and have declined to read that case as authorizing all interlocutory appeals by a party who has been dismissed from an action. *Id.* at 1289 n. 4.

Finally, A.R. does not contend or show that the Order is reviewable as the denial of an injunction, per 28 U.S.C. § 1292(a)(1).

Accordingly, the district court's orders are not appealable at this time. Nothing in this order shall prevent A.R. from filing an appeal from the eventual final judgment of the district court. All outstanding motions are DENIED as moot.