**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 12-cv-60460-ALTONAGA/HUNT

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**THE STATE OF FLORIDA,**

    **Defendant.**

                                 /

**JOINT STATUS AND SCHEDULING REPORT**

    Plaintiff the United States of America and Defendant State of Florida (collectively, the "Parties"), submit the following Joint Status and Scheduling Report, pursuant to the Court's January 12, 2022 Order, D.E. 668.

**A. Nature of the Claims and Defenses**

**The United States summarizes its claims as follows:**

    Approximately 150 children with medically complex conditions live in pediatric nursing facilities where they have little interaction with their communities, with non-disabled peers, or even with their families. ECF 1 at ¶¶ 1, 5, 25, 47. They live in these facilities in order to receive publicly funded medical services administered by the State government. *Id.* at ¶¶ 10, 31, 35, 49. Hundreds of other children with medically complex conditions are at risk of future placement in these facilities. *Id.* at ¶¶ 31, 37-38, 48. Many of these two groups of children could and would live successfully in more integrated settings (including, for some, their family homes), without risk of institutionalization, if the State would make reasonable modifications to how it administers and delivers services to them. *Id.* at ¶¶ 71-73, 84. The Integration Mandate of Title II of the Americans with Disabilities Act ("ADA") requires the State to make such modifications. *Olmstead v. L.C.*, 527 U.S. 581, 607 (1999). Therefore, the United States seeks an injunction ordering the State to do so — by, for example, expanding its community-based

1

services. ECF 1 at p. 22 ¶¶ 1-4. The United States intends to support its claims with statistical, survey, and expert evidence showing that a large percentage of these children could appropriately receive services in the community, and that they and their parents do not oppose community placement. The United States would supplement this with illustrative individualized evidence and testimony from a selection of families, but maintains that introducing such individualized evidence is not the only way to prove the appropriateness of a broad injunction mandating modification of the State's administration of its service system, which aggregately causes the unnecessary segregation of large numbers of children.

**The State of Florida summarizes its defense as follows:**

When discovery closed in 2016, approximately 150 children with complex medical needs resided in privately owned pediatric nursing facilities. Their parents made the impossibly difficult decision, under highly individualized circumstances, to entrust their children's care to these facilities. The ADA respects that choice and recognizes the need to maintain a range of care options.

Florida pays for nursing-facility services through Medicaid, as federal law requires. It does not decide where children will live. It offers a comprehensive array of community-based services to medically complex children. Its care coordinators continually discuss community options with parents and facilitate transitions to the community as soon as parents are ready.

Yet the United States alleges a violation of Title II of the ADA, as interpreted in *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999). Under *Olmstead*, the United States must prove, child-by-child, that (1) community placement is appropriate to the child's needs; (2) the child's parents do not oppose community placement; and (3) the State could make reasonable modifications to accommodate the child's community placement. All three inquiries are highly individualized.

The United States insists, however, that it bears no burden to establish *Olmstead* violations with respect to individual children. Instead, it labels its claim "systemic" and seeks to place the State's *policies* on trial. But no court has ever recognized a "systemic" claim that relieves a plaintiff of its burden to present individualized proof under *Olmstead*.

To secure systemwide relief, the United States must establish child-specific violations—not anecdotes—and prove that these violations are pervasive. This it cannot do. The State is fully committed to *Olmstead* and empowers parents to make informed and effective decisions for their

2

children, even when the United States disagrees with them. Florida is in full compliance with the true meaning of the ADA and *Olmstead*.

The Court will find additional statements of the case in the pretrial statement filed by the parties in 2016, D.E. 509.

### B. Procedural History

The United States commenced this action on July 22, 2013. *United States v. Florida*, Case No. 13-cv-61576, D.E. 1.[1] The Parties engaged in mediation in April 2015, which did not result in settlement. Discovery closed on April 29, 2016. Shortly before trial, this Court dismissed the action on the ground that Title II of the ADA does not authorize the United States to bring suit, D.E. 543. The Eleventh Circuit reversed the dismissal and remanded to this Court. *United States v. Florida*, 938 F.3d 1221, 1250 (11th Cir. 2019); *petition for rehearing en banc denied*, No. 17-13595, 2021 U.S. App. LEXIS 38090 (Dec. 22, 2021).

### C. Reopening of Discovery and Case Schedule

The parties have conferred in good faith regarding a case and discovery schedule, and are continuing to confer.

Discovery closed over five years ago. The United States contends that discovery should be reopened, as the United States seeks injunctive relief in this case and much of the evidence in the pre-appeal record is now old. The United States submits that, as this case is complex and would require a multiple-week trial, *see* Local Rule 16.1(a), discovery should be reopened for a period of approximately 1.5 years, beginning after the Court denies the motion to stay. As the Parties are still conferring with respect to the schedule, the United States requests additional time to submit a more detailed proposed schedule with specific deadlines.

Florida contends that three threshold issues should be resolved before discovery is reopened. These issues are set forth in a motion to stay that Florida filed January 19, 2022, D.E. 672. Florida believes that any discovery schedule will depend on the Court's ruling on its motion to stay, since the issues raised in that motion may affect the scope of this proceeding,

---

[1] On December 6, 2013, the Court consolidated the United States' action with a putative class action brought by private plaintiffs under the present docket number. Order, D.E. 215, *C.V. v. Dudek*, Case No. 12-cv-60460. The Court later dismissed the claims of the private plaintiffs on June 9, 2017, D.E. 645, and that dismissal was affirmed on appeal, *A.R. v. Sec'y Fla. Agency for Health Care Admin.*, 769 Fed. Appx. 718 (11th Cir. 2019).

including the scope of discovery. The United States disagrees and will oppose the State's motion to stay.

### D. Protective Order

The Court previously issued a stipulated Protective Order that governs the disclosure of confidential information. The Parties are conferring regarding a possible proposed Revised Protective Order.

### E. Likelihood of Amending the Pleadings

The United States anticipates seeking leave to amend the Complaint to remove damages from its requested relief. If the Court denies the State's motion to stay, then the United States would file its motion to amend by the later of February 20, 2022 or three days after the denial.

| | |
|---|---|
| **Dated:** <u>January 19, 2022</u> | Respectfully submitted, |
| | |
| JUAN ANTONIO GONZALEZ<br>United States Attorney<br>Southern District of Florida | REBECCA B. BOND<br>Chief |
| | |
| /s/ *Veronica Harrell-James*<br>VERONICA HARRELL-JAMES<br>Assistant United States Attorney<br>Fla. Bar No. 644791<br>99 N.E. 4th Street<br>Miami, Florida 33132<br>Telephone: (305) 961-9327<br>Facsimile: (305) 530-7139<br>Veronica.Harrell-James@usdoj.gov | /s/ *Victoria Thomas*<br>ANNE S. RAISH<br>Principal Deputy Chief<br>ELIZABETH E. McDONALD, Bar ID A5502061<br>Deputy Chief<br>JAMES FLETCHER, Bar ID A5502825<br>H. JUSTIN PARK, Bar ID A5501850<br>VICTORIA THOMAS, Bar ID A5502088<br>LINDSEY WEINSTOCK, Bar ID A5502063<br>Trial Attorneys<br>Disability Rights Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 307-0663<br>Facsimile: (202) 307-1197<br>victoria.thomas@usdoj.gov<br><br>*Counsel for Plaintiff United States of America* |
| | /s/ *Andy Bardos*<br>Andy Bardos (FBN 822671)<br>andy.bardos@gray-robinson.com<br>James Timothy Moore, Jr. (FBN 70023)<br>tim.moore@gray-robinson.com<br>Ashley H. Lukis (FBN 106391)<br>ashley.lukis@gray-robinson.com<br>GRAYROBINSON, P.A.<br>P.O. Box 11189<br>Tallahassee, Florida 32302-3189<br>Telephone: 850-577-9090<br><br>*Attorneys for Defendant, the State of Florida* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served on January 19, 2022 on the individuals identified on the Service List below through Notices of Electronic Filing generated by CM/ECF.

                                          */s/ Victoria Thomas*
                                          Victoria Thomas

**SERVICE LIST**

| | |
|---|---|
| Andy Bardos<br>Allison G. Mawhinney<br>Ashley Hoffman Lukis<br>GrayRobinson, P.A.<br>Post Office Box 11189<br>Tallahassee, FL 32302-3189<br>Phone: 850-577-9090<br>Fax: 850-577-3311<br>E-mail: andy.bardos@gray-robinson.com<br>    allison.mawhinney@gray-robinson.com<br>    ashley.hoffman@gray-robinson.com<br>Attorney for Defendants State of Florida, Dudek, Philip, and Pasley | Patrick Reynolds<br>Florida Department of Health<br>4052 Bald Cypress Way, Bin #A-02<br>Tallahassee, FL 32399<br>Phone: 850-245-4353<br>Fax: 850-410-1448<br>E-mail: patrick.reynolds@flhealth.gov<br>Attorney for Defendants Philip and Pasley |
| Stuart Fraser Williams<br>Leslei Gayle Street<br>Andrew T. Sheeran<br>Agency for Health Care Administration<br>2727 Mahan Drive, Mail Stop #3<br>Tallahassee, FL 32308<br>Phone: 850-412-3630<br>Fax: 850-921-0158<br>E-mail: stuart.williams@ahca.myflorida.com<br>    leslei.street@ahca.myflorida.com<br>    andrew.sheeran@ahca.myflorida.com<br>Attorney for Defendants State of Florida and Dudek | |