**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 12-60460-CV-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THE STATE OF FLORIDA,

    Defendant.
_____/

**ORDER DENYING MOTION TO STAY**

THIS CAUSE comes before the Court upon the State of Florida's Motion to Stay Discovery ("Motion"), filed January 19, 2022. (DE 672). The Motion is fully briefed. (DE 676; DE 679). For the reasons set forth below, the Motion is denied.

This case, pending for nearly a decade, alleges that Florida's administration of its social services system violates Title II of the Americans with Disabilities Act because it leads to the unnecessary institutionalization of children with complex medical needs. After a lengthy discovery process, Judge Zloch dismissed the case because he concluded that the Attorney General lacked standing to sue under Title II of the ADA. (DE 543). The United States appealed. (DE 648). The Eleventh Circuit reversed, holding that the Attorney General does have standing, and remanded the case for further proceedings. (DE 666). The case has now been reassigned to me.[1]

Although no litigation schedule has yet been issued, Florida moves to stay any future discovery in this case until the resolution of what it characterizes as three "potentially case-

---

[1] The case was initially reassigned from Judge Zloch to Judge Altonaga on January 12, 2022, however she recused on January 20, 2022. (DE 675).

dispositive, threshold issues." (DE 672). First, Florida requests a stay because it intends to file a petition for writ of certiorari in the United States Supreme Court for review of the Eleventh Circuit's decision holding that the Attorney General has authority to initiate federal enforcement actions under Title II of the ADA. (*Id.* at 2). Second, Florida requests that it be permitted to file a summary judgment motion on whether the United States has satisfied the procedural prerequisites to bringing this suit before any additional discovery takes place. (*Id.*). And third, Florida requests a stay until it can file a summary judgment motion based on the reasoning in Magistrate Judge Hunt's Report and Recommendation that, as Florida reads it, suggests that the United States has not produced any evidence to support an *Olmstead* claim. (*Id.*). The United States opposes Florida's Motion. (DE 678). It believes that discovery should be reopened immediately following my decision on this Motion, and that it should remain open for approximately one and a half years. (DE 673).

A district court has broad discretion in deciding how best to manage the cases before it and to set and enforce scheduling deadlines. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). While I understand Florida's desire to spare taxpayers from the expense of additional discovery in this matter, this case has been pending since 2013 and it is time to set it on a swift path towards resolution. To the extent that Florida believes that an early motion for summary judgment may be dispositive, I encourage it to promptly file one and I will rule as expeditiously as possible to limit any unnecessary expenditure of resources. However, for now, I decline to stay any discovery.

The Parties are therefore directed to file a Joint Proposed Scheduling Order **on or before April 14, 2022** explaining how they believe this litigation should proceed. The United States is

advised, however, that I am not inclined to permit another year and a half of discovery. It is my hope that this case will be ready for trial approximately one year from the date of this Order.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Florida's Motion to Stay Discovery (DE 672) is **DENIED**.

(2) The Parties **SHALL FILE** a Proposed Scheduling Order **on or before April 14, 2022**.

(3) A Scheduling Conference is **SCHEDULED** for **April 15, 2022** at **10:30 a.m.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 31st day of March, 2022.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record