UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-60460-CIV-MIDDLEBROOKS/HUNT

UNITED STATES OF AMERICA,

        Plaintiff,

v.

STATE OF FLORIDA,

        Defendant.
_____/

### REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 703. The Honorable Donald M. Middlebrooks, United States District Judge, referred this Motion to the undersigned for disposition. ECF No. 735; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the Response, and Reply thereto, the Parties' supplemental filings, the entire record, applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Defendant's Motion be DENIED for the reasons outlined below.

### BACKGROUND

This case concerns the United States' allegation that the State of Florida has violated Title II of the Americans with Disabilities Act ("ADA"). 42 U.S.C. §§ 12131-12134. Specifically, the United States alleges that the State discriminates against children with disabilities by failing to administer its services in the most integrated setting appropriate to their needs, in violation of the ADA. According to the United States, such failures have resulted in hundreds of children with disabilities being subjected to prolonged and

unnecessary institutionalization in nursing facilities, while others are placed at serious risk of such institutionalization.

In its Amended Complaint, ECF No. 700, the United States alleges that over 100 children with disabilities are currently institutionalized unnecessarily in nursing facilities in Florida. The United States alleges that the children and young adults so institutionalized could live at home with their families or in another family home if provided the community-based services they need, such as in-home nursing services. The United States alleges that the families would, given the opportunity, choose to have their children live at home if the State's program were better administered. The United States likewise alleges that other children with disabilities, who do receive State services in their homes and communities, are nonetheless at serious risk of having to enter nursing facilities because they are unable to access the home and community-based services they need and for which they are eligible.

The United States alleges that Florida could make reasonable modifications to its service system that would enable many of these children to return to or continue to live with their families and in their communities, and to access the services they need to remain there. According to the United States, the State's failure to do so runs afoul of the ADA.

Currently before this Court is the State's Motion to Dismiss. ECF No. 703. The State alleges that the United States has not adequately pleaded the necessary elements of its claim. Such allegations are addressed below.

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To meet this 'plausibility standard,' a plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sept. 17, 2018) (quoting *Iqbal,* 556 U.S. at 678). "A complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015).

"On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true." *Id*. (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)). "Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading." *Id.* (citing *Iqbal*, 556 U.S. at 679).

**DISCUSSION**

The ADA was enacted to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1)–(2). Sections 12131–12134 of the ADA address public services provided by public entities, and provide that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

3

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

In *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999), the United States Supreme Court, agreeing with the Eleventh Circuit Court of Appeals, found that "undue institutionalization qualifies as discrimination 'by reason of . . . disability'" under Title II. *Id.* at 597–603. *Olmstead* concerned two voluntarily institutionalized patients in state-run institutions in Georgia. *Id.* The women brought suit for injunctive relief against Georgia state officials alleging a Title II violation due to Georgia's failure to place them in a community-based program despite a finding by their treating physicians that such placement was appropriate. *Id.* at 593–94.

The Supreme Court held that Title II's discrimination proscription "requires" the placement of persons with mental disabilities in community settings when three conditions are met: (1) "the State's treatment professionals have determined that community placement is appropriate"; (2) "the transfer from institutional care to a less restrictive setting is not opposed by the affected individual"; and (3) "the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities." *Id.* at 587, 607.

The primary issue raised by the State is that the Complaint, as amended, fails to allege child-specific facts adequate to assert a claim for a violation under Title II. Relying primarily on the pleading requirements outlined in *Iqbal*, the State argues that the ADA does not create any cause of action with an aggregate or system-wide focus, and thus the allegation must assert "more than the anonymous generalizations presented by the United States to plead the highly individualized elements of its claim." ECF No. 717 at

4

*1.  The United States responds that the State misstates both the elements and the requirements of an *Olmstead* claim, and that under the correct reading of said elements, its Complaint is adequate to survive a motion to dismiss.

As an initial matter, this is not the first time the undersigned has addressed such pleadings in the long history of this case.  In a prior version of its Complaint, the United States alleged that all of the "[i]nstitutionalized Children [in Florida's nursing homes] could be served in more integrated settings, and their families, if presented a meaningful opportunity to do so, would choose for them to grow up at home or in other settings that foster their full development and that do not segregate them from the community."  ECF No. 700 at *19 ¶ 70.  Additionally, the United States alleged that the actions needed to remedy the State's violations "could be achieved through reasonable modifications of the State's service system." *Id.* ¶ 72.

As this Court previously held, these allegations, if true, are clearly actionable after *Olmstead*, and would be sufficient to get past a motion to dismiss.  *A.R. v. Dudek*, No. 1260460-CIV-ZLOCH/HUNT, 2016 WL 3221140, at *12 (S.D. Fla. June 9, 2016). Given that the United States' Amended Complaint, ECF No. 700, alleges many of the same things in the prior Complaint, this is likely enough on its own to survive a motion to dismiss.

Such a conclusion finds further support in recent cases.  In *United States v. Mississippi*, 400 F. Supp. 3d 546 (S.D. Miss. 2019), the court allowed a case to go through to the trial stage where "the United States allege[d], *inter alia*, that Mississippi's system pushes thousands of people into segregated hospital settings that could have been

avoided with community-based services." *Id.* at 553; *see also United States v. Georgia*, 461 F. Supp. 3d 1315 (N.D. Ga. 2020).

Accordingly, the State's Motion to Dismiss could be denied on these grounds alone. However, for the purposes of completeness, the undersigned will address what the State alleges are nonetheless necessary elements of the claim.

The State's first three alleged elements—appropriateness, the wishes of the parents or guardians, and reasonable accommodations—align with the elements outlined in *Olmstead*. The United States has met these burdens. As for appropriateness, the State recognizes that the United States has pleaded that "[t]he institutionalized Children could be served in more integrated settings with appropriate services and supports," and that "[t]he Institutionalized Children's needs are generally no different than those of children and young adults receiving services in more integrated community based settings," but argues that such statements are mere "conclusions without factual enhancement—stock allegations that could readily be inserted into any complaint." ECF No. 703 at 11.

Even assuming, *arguendo*, that the State is correct, its contentions do not adequately encompass the scope of the United States' allegations. The United States also alleges that some children who were successfully living in the community were institutionalized only after the State failed to meet their needs. ECF No. 700 ¶ 51. Further, the United States alleges that children who would benefit from waiver services that would allow them to live at home cannot do so due to the long waitlist for such waivers. *Id.* at \*14–\*15. The logical inference is that it would be appropriate for them to live in the

6

community should they get the waiver. Such an allegation is adequate to survive the Motion to Dismiss.

The State also argues that the United States' allegations concerning the wishes of parents and guardians are insufficient, being mere hypotheticals of what parents might want to do if offered the opportunity. Again, assuming *arguendo* that such pleadings would be inadequate, the undersigned finds that the United States has pleaded more than mere hypotheticals. The waiver services mentioned above, for instance, would allow qualified individuals to live at home. *Id.* Because of the waitlist, the United Sates alleges, children who are eligible for such services and have applied for said services have had to enter nursing facilities instead of being served at home due to the long wait for such services. *Id.* Therefore, the United States has indeed alleged that parents or guardians wished to have their children at home, took affirmative steps have their children at home, and due to the inadequacies of the State's services, were unable to do so. The undersigned finds such pleadings adequate to survive the Motion to Dismiss.

The State also challenges the United States' allegations regarding reasonable accommodations. "The burden of showing reasonable accommodations is not a heavy one." *United States v. Mississippi*, No. 3:16-CV-622-CWR-FKB, 2019 WL 2092569, at *4 (S.D. Miss. May 13, 2019) (internal citation and quotation omitted). "It is enough for the plaintiff to suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits, and once the plaintiff has done this, she has made out a *prima facie* showing that a reasonable accommodation is available, and the risk of nonpersuasion falls on the defendant." *Id.* The United States has, as the State recognizes, alleged that "[t]he State could reasonably modify its service system to

increase access to its waiver programs." ECF No. 700 at 15 ¶ 69. This is but one such allegation, but it suffices to demonstrate that the United States has met its low burden to survive a motion to dismiss.

The State provides an additional argument that the United States has failed to establish that an accommodation was requested and was refused. Assuming *arguendo* that such a requirement exists, the undersigned finds that the United States has adequately pleaded such requests and refusals in its Complaint. First, as the undersigned has already explained, the United States has alleged that parents and guardians applied to waiver programs, and that given the wait times of the programs, were forced to send children to institutions. The undersigned finds this adequately alleges a request and refusal because the wait times functioned as a de facto refusal of the requests.

Likewise, the United States explicitly states that, due to the State's prior policies, "[f]amilies who tried to keep children at home were not provided in-home services that would have enabled them to do so." ECF No. 700 at 12 ¶ 51. "As a result, they had no real choice but to place their child in a nursing facility to receive necessary care." *Id.* Although these policies have changed, the United States nonetheless alleges that "[s]ome of these children remain in nursing facilities today." *Id*. The undersigned finds that these allegations adequately demonstrate that accommodations were requested and refused for the purposes of the Motion to Dismiss.

The State also argues that the United States' Complaint fails to plead causation. Interestingly*,* the *Mississippi* court noted that "*Olmstead* explicitly holds that 'States are *required* to provide community-based treatment'" if three elements are met.

*Mississippi*, 400 F. Supp. 3d at 554 (citing *Olmstead*, 527 U.S. at 607). Indeed, "[s]omewhat unusually, the ADA 'impose[s] upon public entities *an affirmative obligation* to make reasonable accommodations for disabled individuals. Where a defendant fails to meet this affirmative obligation, the cause of that failure is *irrelevant.*'" *Id.* (quoting *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 454–55 (5th Cir. 2005)). As Plaintiff has plausibly pleaded the three necessary elements, it has adequately met the pleading requirements to survive the Motion to Dismiss.

Finally, the State argues that the United States has failed to allege essential eligibility requirements demonstrating that that the people at issue here are "qualified individuals with disabilities" pursuant to 42 U.S.C. § 12132. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "qualified individual with a disability" is:

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aides and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(b).

As stated above, this suit is brought on behalf of numerous people that already receive services from the State. This case concerns children with complex medical needs who are either already institutionalized by the State or who, due to their medical needs, are at risk for institutionalization. Given that these individuals already receive services, it

is reasonable to infer that individuals who receive services from the State meet the essential eligibility requirements for such services.

Accordingly, the undersigned recommends that the State's Motion to Dismiss be denied.[1]

## RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the State's Motion to Dismiss, ECF No. 703, be **DENIED**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 10th day of February 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Donald M. Middlebrooks
All Counsel of Record

---

[1] However, the Court would nonetheless direct the United States to this Court's prior finding that "while general allegations may have been sufficient to get past the motion to dismiss stage, without more, they are insufficient to get past the summary judgment phase." *A.R.*, 2016 WL 3221140, at *12.