## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-cv-60460-MIDDLEBROOKS/HUNT

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**THE STATE OF FLORIDA,**

    **Defendant.**

_____/

## THE UNITED STATES OF AMERICA'S MOTION FOR
## SANCTIONS AGAINST THE STATE OF FLORIDA

## INTRODUCTION

The State of Florida first produced a privilege log to the United States on February 28, 2023: over eight months after the State first asserted privilege, four months after it completed production of responsive documents, six weeks after the close of fact discovery, and nearly two weeks after the deadline for dispositive motions had passed. This log currently contains over 17,000 entries but lacks even the most basic information that would enable the United States to assess Florida's claims of privilege, such as an adequate description of the privilege claim.

Today, the day that pretrial motions are due, the State notified the United States that of the more than 17,000 documents on the privilege log, over 2,000 documents were not privileged (and would be produced immediately), approximately 4,200 documents were not responsive and would be removed from the log, and an additional 7,700 documents required further review because they may be not privileged or non-responsive. The State provided that it would produce the subset of the 7,700 documents that are determined to be responsive and not privileged within two weeks, along with an updated privilege log that will contain around 3,100 documents. The State has further agreed that it will not seek to use at trial any newly-produced documents, including any documents the court may order produced should it grant this motion.

Despite the State's late concessions, and while the parties are continuing to confer, the State's unjustified delay in producing a sufficient privilege log, along with the production of thousands of responsive documents more than two months after the close of fact discovery and less than two months before trial, has significantly prejudiced the United States. Not only is the deadline for filing trial exhibit lists imminent (and scheduled to occur before the State will produce most of the responsive, non-privileged documents it had incorrectly withheld), but the United States has also been deprived of sufficient time to review the responsive, non-privileged documents prior to trial and of the opportunity to depose the State's witnesses using these documents.

With respect to the privilege log itself, the State's dilatory and inadequate log warrants finding that the State has waived privilege over documents listed in the log. In addition to the production of these documents, to avoid further prejudice, the United States also respectfully requests leave to amend its exhibit list if necessary, which, under the Court's scheduling order, is due on March 15, 2023. D.E. 686 ¶ 10.

**BACKGROUND**

The State first asserted privilege in response to the United States' First Set of Requests for Production on June 7, 2022. *See* Exhibit A, at 27, 65. Two days later, on June 9, 2022, the United States requested a privilege log for any documents that the State withheld as privileged. *See* Exhibit B, at 6. The State produced 99% of the documents (88,187 documents) it ultimately produced in this case by October 24, 2022. *See* Exhibit C, at ¶ 4. In total, the State of Florida produced 88,893 documents after remand from the Eleventh Circuit in this litigation. *Id*.

Counsel for the State indicated on October 10, 2022 that a team of reviewers would begin privilege review the following day for the documents that were ultimately produced on October 24, 2022. *See* Exhibit H, at 1. On November 7, 2022, the United States inquired about when the State would produce a privilege log for its recently completed document productions. Counsel for the State responded on the same day that it was "preparing a privilege log." Exhibit D, at 5. On February 24, 2023, the United States again inquired with the State about the production of their privilege log. Exhibit E, at 1. On February 27, 2023, the State served its Notice of Completion of Production, certifying "that, to the best of its knowledge and belief, it has produced the last of the documents or other materials in its possession, custody, or control that are responsive" to the United States' Requests for Production. *See* Exhibit I. The United States received a privilege log from the State for the first time on February 28, 2023. Exhibit F, at 3–4. The State produced its privilege log only after prompting by the United States, and after several important case deadlines had passed, including the close of fact and expert discovery, as well as the deadline for dispositive motions. The privilege log indicated that Florida withheld 17,067 documents on the basis of privilege. *See* Exhibit G.

Upon review of the State's privilege log, the United States determined that it was unable to assess the State's privilege claims because of serious deficiencies in the State's log, such as the failure to identify attorneys and a failure to provide a sufficient description of each document and the privilege being asserted (*e.g.*, the log provides a "filename" for each document rather than a description of the document or subject matter, and over 200 filenames are "Untitled.msg"). *See* Exhibit G. On March 1, 2023, one day after it received the State's privilege log, the United States communicated to the State the deficiencies it had identified and requested a corrected log by Monday, March 6. Exhibit F, at 3. On March 1, the State responded, "someone from our team will be in touch." *Id.* at 2. Having not heard anything from

2

the State, on March 7 and 8, the United States again inquired about an updated privilege log. *Id*. at 1–2. The State responded at 4:54 pm on March 8, only after the United States indicated that it intended to file the instant motion. *Id*. at 1. The parties agreed to a conferral, which took place on the afternoon of March 9. During that conferral, the State said that it would produce an updated privilege log by the following morning that would identify attorneys and families but still would not include descriptions of the documents' subject matter or privilege basis. *See* Exhibit J, at 1. The United States made clear that it did not consider such a log to be sufficient and also reiterated its concerns that non-privileged documents were improperly withheld. *Id*.

On March 10, at 10:11 am, the State asked for another conferral with the United States because it had "a more robust solution than what we discussed yesterday afternoon (the revised privilege log)." *See* Exhibit K. During the call, the State notified the United States that since the conferral the day before, it had determined the following:

- 2,062 documents listed in the privilege log were not privileged, and would be produced immediately;
- Approximately 4,200 documents listed in the privilege log were non-responsive, and would be removed from the privilege log; and
- Around 7,700 documents require additional review because the State believes they may be not privileged or non-responsive. The State committed to producing any documents determined to be responsive and not privileged, and removing any non-responsive documents from the privilege log.

*See* Exhibit J, at 1–2. The State further provided that it would produce an updated privilege log, containing approximately 3,100 documents and addressing the deficiencies identified by the United States, including by identifying attorneys and inserting document descriptions, within two weeks. *Id*. The United States responded that while it appreciated the State's efforts, would agree to continue conferring, and would withdraw this motion if appropriate after receipt and review of the updated privilege log and documents, given the pretrial motions deadline, and the prejudice faced by the United States, it was left with no choice but to file the instant motion. *Id*.

## LEGAL STANDARD

A party asserting privilege in response to a request for production is required to provide a log of all documents withheld. Fed. R. Civ. P. 26(b)(5)(A); Local Rule 26.1(e)(2). Unless agreed upon by the parties, a privilege log is to be served within 14 days of the service of a

3

document production from which documents were withheld on the basis of privilege. Local Rule 26.1(e)(2)(D). In relevant part, the privilege log must contain "the purpose of the document or ESI and the basis for the claimed privileges or protections with information sufficient to establish the elements of each asserted privilege." D.E. 577-13, at 11; *see also* Fed. R. Civ. P. 26(b)(5)(A); *Siegmund v. Xuelian Bian*, No. 16-CV-62506, 2018 WL 3725775, at *4, *7 (S.D. Fla. Aug. 1, 2018). The party asserting privilege bears "the burden of establishing the essential elements of the privileged relationship." *Kaplan v. Nautilus Ins. Co.*, No. 17-CV-24453, 2019 WL 12265673, at *3 (S.D. Fla. Mar. 17, 2019). Conclusory or boilerplate descriptions of the document are not sufficient to establish privilege. *See id*. ("Defendant provided only boilerplate descriptions that repeated data already logged, like author/recipient and document type, followed by an *ipse dixit* pronouncement of privilege, and the generic topic. These entries are neither specific nor clear enough to allow a proper assessment of the privilege without actually looking at the documents.").

A party's failure to produce a timely privilege log can result in sanctions, including waiver of the privilege, "where a court finds that the failure results from unjustified delay, inexcusable conduct, or bad faith." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (citing *United States v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003)); *see also RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc.*, 489 F. Supp. 3d 907, 914–915 (W.D. Mo. 2020); *Bell v. Scully Co.*, No. 11-81140-CIV, 2012 WL 9384471, at *3, *5 (S.D. Fla. May 10, 2012) (Middlebrooks, J) (holding that privilege is waived and party is entitled to attorney's fees where opposing party failed to assert privilege in its objections to request for production, failed to provide a privilege log, and failed to describe the contents of the privileged documents so the moving party could assess claims of privilege). The Advisory Notes to Federal Rule of Civil Procedure 26 add that "[t]o withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment.

To determine whether a party has waived privilege, courts apply a multi-factor holistic analysis. Specifically, courts evaluate the following factors: "the degree to which the objections of privilege enables the litigant seeking discovery and the court to evaluate whether the withheld documents are privileged; the timeliness of the objection and accompanying information;

4

the magnitude of the production; and other particular circumstances making it unusually easy or difficult to respond." *Siegmund*, 2018 WL 3725775, at *13 (S.D. Fla. Aug. 1, 2018) (citing *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 695 (M.D. Fla. 2005)). Courts have consistently found that a delay of several months is unjustified, and warrants finding a waiver of privilege. *See RightCHOICE,* 489 F. Supp. 3d at 914 (finding waiver where privilege log was produced four months after the close of discovery "without justification"); *Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 647 (D. Nev. 2010) (party waived privilege where privilege log was produced "[m]ore than a year after [] initial document requests and seven months after the close of discovery"); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (holding that privilege was waived where log was filed five months after the document request; "this fact alone would immunize the district court's ruling from reversal").

## ARGUMENT

**I.    The State of Florida Has Waived Privilege.**

   *A.    The State of Florida's Delay in Producing a Privilege Log was Unjustified.*

The State missed the deadline to produce a sufficient privilege log by at least four months. The State's delay is particularly inexcusable in light of the United States' requests for a privilege log on November 7, 2022, and the State's confirmation that it was preparing one. *See In re Chevron Corp.*, 749 F. Supp. 2d 170, 182 (S.D.N.Y. 2010) (finding a waiver of privilege where a party failed to timely produce a privilege log even after the failure was called to the party's attention). The State has provided no explanation for its delay. The State's delay prevented the United States from litigating any challenges to the State's claims of privilege during discovery, and, in light of the State's admission today that it had incorrectly withheld thousands of responsive documents on the basis of privilege, is particularly prejudicial in that it prevented the United States from asking witnesses about potentially key documents or relying on such documents in dispositive motions briefing. *See In re Chevron Corp.,*749 F. Supp. 2d at 183 (holding that a party waived privilege where "[i]t would be difficult and perhaps impossible" to litigate privilege objections to conclusion, including appeals, and take a deposition before a scheduled hearing). The delay now risks infringing on the United States' ability to use such documents at trial. The State's unjustified delay and the prejudice faced by the United States weigh in favor of holding that the State waived privilege. *See RightCHOICE,* 489 F. Supp. 3d at

5

916; *BDO USA, L.L.P.*, 876 F.3d at 697; *Bell*, 2012 WL 9384471, at *5; *Bullion*, 271 F.R.D. at 647.

        **B.**    *The State's Privilege Log Does Not Allow the United States to Evaluate its Privilege Claims.*

Even beyond the State's delay, the State's current privilege log has significant deficiencies that warrant finding a waiver of privilege. The State's privilege log does not provide even basic information that is necessary to assess the State's claims of privilege. First, the privilege log does not identify attorneys, making an assessment of any attorney-client privilege assertion impossible. *See* D.E. 577-13 at 11 (parties must provide "information sufficient to establish the elements of each asserted privilege); Fed. R. Civ. P. 26(b)(5)(A) (withholding party must provide enough information to "enable other parties to assess the claim" of privilege); *Siegmund*, 2018 WL 3725775, at *4 (party waived privilege where its privilege log was "insufficient to substantiate the privileges asserted"). Given the number of individuals listed throughout the log and inconsistent formatting, the United States cannot discern which individuals on the log are attorneys, which is a key element of assessing attorney-client privilege claims. Second, beyond providing the "filename," the State has not described the nature or purpose of each document or the subject matter being discussed. *See* D.E. 577-13 at 11; Fed. R. Civ. P. 26(b)(5); *Anderson v. Branch Banking & Tr. Co.*, No. 13-CV-62381, 2015 WL 2339470, at *3 (S.D. Fla. May 14, 2015). The State also failed to include any information on the basis for privilege beyond the boilerplate descriptions "Attorney Client" or "Work Product." *See Kaplan*, 2019 WL 12265673, at *3; *Anderson*, 2015 WL 2339470, at *3.

Beyond these facial shortcomings, there are also substantive shortcomings. Rather than conducting the necessary document-by-document analysis, where each document in a family (*e.g.*, a cover email and attachments) was identified as privileged, the State withheld the entire document family. *Townhouse Rest. of Oviedo, Inc. v. NuCO2, LLC*, No. 19-14085-CIV, 2020 WL 4923732, at *6 (S.D. Fla. June 24, 2020) (a document does "not become privileged just by being attached to a privileged email communication"); *see, e.g.*, Exhibit G, PLOG-0004671–0005365 (all 694 email attachments were withheld even though only two attachments, PLOG-0004782 and PLOG-0004785, were identified as privileged). As confirmed by the State during conferral, this issue resulted in thousands of documents being withheld where no attorney is listed as a custodian, author, or recipient of the document. *See* Exhibit G (*e.g.*, PLOG-0002011;

6

PLOG-0002528; PLOG-0002793). Indeed, the State today confirmed that it had incorrectly withheld thousands of responsive documents on the basis of privilege. *See* Exhibit J, at 1–2.

        C.        *The Magnitude of the Production Weighs in Favor of Finding Waiver.*

The State's production volume in this matter is typical for a large-scale litigation. It is not unusual for litigation of this nature to be "document-intensive" and "require[] extraordinary efforts to obtain documents from various" State agencies. *Bullion*, 271 F.R.D. at 649. However, these efforts do not excuse the State from complying with basic procedural rules. *See RightCHOICE*, 489 F. Supp. 3d at 916 (moving party has a right to expect opposing party to comply with their Rule 26 obligations and is not required to repeatedly request a privilege log); *In re Chevron Corp.*, 749 F. Supp. 2d at 182.

The State knew, or should have known, that "prompt document review and production of the documents and the log was of utmost importance." *Bullion*, 271 F.R.D. at 650. If the State had concerns about its ability to timely produce a privilege log, it should have "communicate[d] with [the United States] about the status of the privilege log, or [sought] assistance from the court to establish a realistic time frame to produce the privilege log—either in stages or all at once." *Id.* at 649. The State did neither. Instead, the State failed to produce a privilege log until it was "well past the time it could be of use." *Id*. at 650, 653 ("Given the very late stage of these proceedings and the fact that no amount of post-privilege log discovery now can cure the prejudice [moving party] has suffered, the court is left with little choice but to find that [opposing party] has waived its privilege as to every document designated in the privilege log, including those designated as protected under the work product doctrine."); *see also RightCHOICE*, 489 F. Supp. 3d at 915 ("The [] Defendants failure to provide the privilege log until January 28, 2020, is at best completely unjustifiable" and "plac[ed] Plaintiffs at a strategic disadvantage.").

While the magnitude of the document productions is typical for a litigation of this scale, the volume of withheld documents is not. The State withheld approximately 16% of all responsive documents on the basis of privilege. As explained above, the State has confirmed that thousands of these documents should not have been withheld. The United States communicated its concerns to the State within one day of receiving the State's privilege log. Forcing the United States to review thousands of documents, as well as a privilege log containing thousands of entries, after the State provided a Notice of Completion of Production, and less than

7

two months before trial while in the midst of numerous pretrial and dispositive motion briefing deadlines is blatantly prejudicial.

    D.    *Additional Circumstances Warrant a Finding of Waiver.*

The State of Florida is "a very sophisticated" party "who is a 'repeat player'" in civil litigation of this scale. *Bullion*, 271 F.R.D. at 650. The State did not even undertake the minimal effort to communicate with the United States regarding the status of the privilege log. *Id.* at 649. The production of an inadequate privilege log after the passage of key case deadlines by an experienced counsel warrants a finding that the State has waived privilege.

**II.    The United States Respectfully Requests Leave to Amend Its Trial Exhibit List and Seek Any Further Necessary Relief.**

As explained above, the State's delay in producing a sufficient privilege log has resulted in the United States being forced to divert valuable resources away from pretrial deadlines and briefing to review thousands of documents and a lengthy privilege log. Because the State will be producing thousands of documents after the deadline for submission of exhibit lists, the United States respectfully requests leave to amend its exhibit list after the March 15, 2023 deadline if necessary. The State has agreed that it would not challenge such amendment or use by the United States at trial of any newly-produced documents, and would not affirmatively use at trial any newly-produced documents not identified by the United States in an amended exhibit list. *See* Exhibit J, at 1–2.

## CONCLUSION

The United States respectfully requests that the Court find that the State has waived privilege by failing to timely serve a sufficient privilege log. The United States asks the Court to order that the State produce all documents withheld for privilege. The United States further requests leave to amend its trial exhibit list after the March 15, 2023 deadline if necessary upon review of the State's upcoming production of responsive, non-privileged documents.

## CERTIFICATION UNDER LOCAL RULE 7.1(a)(3) AND
## FEDERAL RULE OF CIVIL PROCEDURE 37

We hereby certify that counsel for the United States of America has conferred with all parties and non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in this motion, but has thus far been unable to do so.

**Dated:** March 10, 2023

Respectfully submitted,

JUAN ANTONIO GONZALEZ
United States Attorney
Southern District of Florida

*/s/ Veronica Harrell-James*
VERONICA HARRELL-JAMES
Assistant United States Attorney
Fla. Bar No. 644791
99 N.E. 4th Street
Miami, Florida 33132
Telephone: (305) 961-9327
Facsimile: (305) 530-7139
Veronica.Harrell-James@usdoj.gov

REBECCA B. BOND
Chief

ANNE S. RAISH
Principal Deputy Chief

ELIZABETH E. McDONALD
Deputy Chief

*/s/ Janelle Geddes*
JANELLE GEDDES, Bar ID A5502929
LINDSEY WEINSTOCK, Bar ID A5502063
Trial Attorneys
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W. (4CON)
Washington, D.C. 20530
Telephone: (202) 616-2221
Facsimile: (202) 307-1197
Janelle.Geddes@usdoj.gov

*Counsel for Plaintiff United States of America*