**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 12-60460-CV-MIDDLEBROOKS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

STATE OF FLORIDA,

      Defendant.

_____/

**THE STATE OF FLORIDA'S RESPONSE TO DISABILITY RIGHTS**
**FLORIDA'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Defendant, the State of Florida, respectfully opposes the Motion for Leave to File Amicus Curiae Brief (ECF No. 1293) filed by Disability Rights Florida ("DRF").

On March 31, 2026, a divided panel of the Eleventh Circuit affirmed this Court's injunction in substantial part. ECF No. 1285-4.

On May 1, 2026, the State filed its Ninth Quarterly Status Report. ECF No. 1285. In that report, the State advised the Court of the Eleventh Circuit's decision and of the State's deadline to seek rehearing en banc. *Id*. at 1 n.1.

On May 11, 2026, this Court noted Florida's "substantial efforts . . . to improve the lives of children with complex medical needs" and directed "the Parties . . . to confer and recommend any appropriate action or timeframes for completion of these proceedings." ECF No. 1288 at 2.

On May 29, 2026, the State petitioned the Eleventh Circuit for rehearing en banc.

Six days later, on June 4, 2026, the Eleventh Circuit ordered the United States to respond to the State's petition.

On June 5, 2026, the parties filed their Joint Report Regarding Continuation of the Injunction. ECF No. 1291. The parties noted that Florida had sought rehearing en banc and that, because the Eleventh Circuit had not issued its mandate, this Court presently lacked jurisdiction to dissolve the injunction. *Id*. at 2. The parties jointly proposed that "the Court and the parties reevaluate the status of the appeal and the injunction after the State files its November 1 status report." *Id*.

On the same day, Georgia and Alabama jointly filed an amicus brief in the Eleventh Circuit in support of the State's petition for rehearing en banc.

On June 18, 2026, the Department of Justice's Office of Legal Counsel ("OLC") concluded in a memorandum opinion that Title II of the Americans with Disabilities Act—the statute at issue here—does not impose an integration mandate or permit the Department of Justice to impose one, and that Congress's imposition of an integration mandate would have raised grave constitutional concerns. *See Application of the Rehabilitation Act and Americans with Disabilities Act to State Institutionalization of Patients with Severe Mental Illness or Disabilities*, 50 Op. O.L.C. __, 2026 WL 1848177 (June 18, 2026), *available at* https://www.justice.gov/olc/opinions.

On June 23, 2026, the United States sought a 45-day extension of time to respond to the State's petition for rehearing en banc. In support, the United States referenced the OLC opinion and cited *Campaign for Accountability v. United States Department of Justice*, 155 F.4th 724, 727 (D.C. Cir. 2025), for the proposition that, as a matter of custom, the executive branch treats OLC's legal conclusions as binding.

On the same day, DRF sought this Court's leave to file an amicus brief. ECF No. 1293. Its proposed amicus brief urges the Court to conclude that Florida has substantially complied with the

injunction and to issue an indicative ruling that it would terminate the injunction if the case were remanded.

This Court should deny DRF's motion.

*First*, the request is untimely. DRF filed its motion 43 days after this Court directed the parties to file a joint report and 18 days after the parties submitted their report. DRF's unexplained delay denies the State any opportunity to respond to DRF's amicus brief absent another round of briefing. The Court should decline to reopen the briefing or to give a non-party the last word. *See Petersen Energia Inversora*, *S.A.U. v. Argentine Republic*, No. 15-cv-02739, 2022 WL 3536117, at *1 (S.D.N.Y. Aug. 18, 2022) (explaining that courts deny untimely requests to file amicus briefs "because . . . the parties to the case or controversy before the Court should have the opportunity to engage with the arguments and perspectives of amici without resorting to supplemental briefing").

*Second*, the State and the United States are adequately represented and capable of asserting their interests and those of affected children and families without DRF's assistance—just as they have done for the last 13 years. *See ForestKeeper v. Elliott*, 50 F. Supp. 3d 1371, 1380 (E.D. Cal. 2014) (explaining that an amicus brief is "seldom appropriate at the . . . trial level where the parties are adequately represented by experienced counsel"). The State knows how to prepare and file a motion for relief from the injunction and to request an indicative ruling. Yet in a rare moment of agreement, the parties filed a joint report that made no mention of indicative rulings. *See* ECF No. 1291.

*Third*, although DRF asserts an interest in this litigation, in more than 12 years since this Court denied its motion to intervene, DRF never sought leave to file an amicus brief *until now*—more than three years after trial.

*Fourth*, DRF's proposal is a transparent attempt to thwart ongoing appellate proceedings. In 2013, DRF sought to sue Florida as a plaintiff-intervenor. *See United States v. Florida*, No. 13-61576-CIV (S.D. Fla.) (ECF No. 13). Now, suddenly, it reappears, purports to take Florida's side, and urges the Court to end this litigation. DRF's only interest in termination of the injunction is to protect the panel decision from further appellate review. It says so on its website. There, it explains that, while this case and the panel decision have been "critical," DRF "supports ending this case now to *preserve the progress that has been made so far*." *Disability Rights Florida's Statement on US v. Florida* (June 23, 2026), *available at* https://disabilityrightsflorida.org/newsroom/story/disability_rights_floridas_statement_on_us_v_florida. (emphasis added). This Court should decline to entertain a non-party's request that the Court attempt to prevent further appellate review of the injunction.

If, however, the Court grants the motion and weighs the issuance of an indicative ruling, then Florida respectfully requests leave to file a supplemental brief to aid the Court's consideration of that procedure.

Dated July 7, 2026.                                         Respectfully submitted,


                                                           /s/ *Andy Bardos*

James Timothy Moore, Jr. (FBN 70023)          Andy Bardos (FBN 822671)
tim.moore@gray-robinson.com                   abardos@shutts.com
Ashley H. Lukis (FBN 106391)                  SHUTTS & BOWEN LLP
ashley.lukis@gray-robinson.com                215 South Monroe Street, Suite 804
GRAYROBINSON, P.A.                            Tallahassee, Florida 32301
301 South Bronough Street, Suite 600          Telephone: 850-201-6269
Tallahassee, Florida 32301-1724
Telephone: 850-577-9090


*Attorneys for Defendant*, *the State of Florida*


4